HUI WANG,

        Plaintiff,

v.

OMNI HOTELS MANAGEMENT
CORPORATION,

        Defendant.

Civil Action No.
3:18-CV-2000 (CSH)

MAY 13, 2019

**RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [Doc. 20]**

**Haight, Senior District Judge:**

## I. INTRODUCTION

In this personal injury action, removed from Connecticut state court, Plaintiff Hui Wang sues defendant Omni Hotels Management (herein "Defendant" or "Omni") for damages arising from a slip and fall she allegedly suffered on September 25, 2018, in the lobby of the Omni New Haven Hotel at Yale ("Omni Hotel"). On that date, Plaintiff, who is a citizen of China, domiciled in Beijing, was visiting New Haven, Connecticut, to participate in the Sequoia-Yale EMBA leadership program at Yale.[1] Doc. 1 ("Notice of Removal"), at 4, ¶ B.8.; Doc. 1-1 ("Complaint"), ¶¶ 1-3. Plaintiff alleges that at approximately 7:40 p.m., while walking into the front entrance of the Omni

---

[1] The Court takes judicial notice that through the Yale SOM Sequoia Capital China Leadership Program, the Yale School of Management and Sequoia Capital China, a VC/PE firm, are attempting "to groom the next generation of global business leaders." https://poetsandquants.com /2016/10/24/yale-som-sequoia-capital-china-team/?pq-category=business-school-news. This one-year program is a "leadership program for entrepreneurs in China" and "aim[s] to provide insights into both Chinese and Western entrepreneurship and business practices." *Id.*

Hotel, she "was caused to slip and fall on water that had accumulated on the floor," which caused her to land with "great force and violence," resulting in "severe injuries, damages and losses."[2] Doc. 1-1, ¶¶ 2-3.  As a result of her injuries, Plaintiff alleges that she "was forced to undergo extensive medical care and treatment, and she may require additional medical care and treatment in the future." *Id.*, ¶ 9.

Plaintiff represents that immediately following the fall,  she  "was taken by ambulance to Yale-New Haven Hospital where she was diagnosed with a mid-shaft tibial plateau fracture of her left leg and was required to undergo surgery," including an "intramedullary nailing of tibial diaphyseal fracture of the left leg." Doc. 20-1, at 2.  After her discharge from the hospital, she returned home to China and continued to be treated there for her injuries.  *Id.*

Plaintiff initiated her negligence action against Omni in the Connecticut Superior Court for the Judicial District of New Haven on or about November 20, 2018.  *Hui Wang v. Omni Hotel Mgmt. Corp.*, No. NNH-CV19-6086968-S (Conn. Super. Ct. Nov. 20, 2018).   On December 6, 2018,

---

[2]  In her "Notice of Removal," Plaintiff itemized her "severe and painful injuries" as follows:

a.  mid[-]shaft tibia fracture of the left leg;
b.  left leg pain;
c.  surgical scar on left leg;
d.  difficulty ambulating;
e.  insomnia; and
f.  a severe shock to her nervous system.

Doc. 1-1, at 3, ¶ 6(a)-(f).  *See also* Doc. 1, ¶ 6(a)-(f).  She asserts that these damages exceed the sum or value of $75,000, which when combined with the diverse citizenship of Plaintiff (a Chinese citizen) and Defendant (a Delaware and Texas citizen, a  corporation incorporated in Delaware with its principal place of business located in Dallas, Texas, 28 U.S.C. § 1332(c)(1)) warrants federal "diversity of citizenship subject matter jurisdiction over this matter." *See*  28 U.S.C. § 1332(a)(2) (endowing the court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of a State and citizens or subjects of a foreign state"). *See also* Doc. 1-1, at 4-5, ¶¶ 8-11.

pursuant to the federal removal statutes, 28 U.S.C. §§ 1441 and 1446, Omni removed the case to this federal court within thirty days of service of the summons and Complaint upon it, on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(2) and n.2, *supra*. On that date, Omni also filed its Answer [Doc. 9] "denying all liability as a warning of the alleged dangerous condition had been placed in the lobby in the immediate vicinity of the front door entrance." Doc. 21 (Omni's Memorandum), at 1, Doc. 21-1 (photograph of lobby), at 1.

Following the parties' joint Rule 26(f) Conference, discovery commenced in the action. On March 11, 2019, Omni served a "Notice of Deposition" [Doc. 20-2, 21-1] to conduct the videotaped deposition of Plaintiff at her counsel's office in Cheshire, Connecticut, on June 5, 2019.[3] In that Notice, Defendant also "request[ed] that Ms. Wang produce the entirety of her file, including all the notes, memoranda, letters or other documents in her possession or control, pertaining to this matter, at her deposition." Doc. 20-2, at 2.

Pending before the Court at this time is Plaintiff's "Motion for a Protective Order" in which she seeks protection from the Court with respect to the location of her deposition. Doc. 20, at 1. In her motion, Plaintiff objects to having her deposition taken "at [her] counsel's office because she is a resident of Beijing, and it would be a hardship for her to travel to Cheshire, Connecticut for her deposition." Doc. 20, at 1. She states that her counsel has "proposed that counsel for the defendant take [her] videotape-videoconference deposition in Hong Kong, but counsel for the [D]efendant is insisting that [she] travel to Cheshire, Connecticut for her deposition." *Id.* Plaintiff's counsel represents that the parties conferred in good faith during a Rule 37 conference on March 26, 2019,

---

[3] In particular, on March 11, 2019, Omni served notice that its counsel "will proceed to take the videotape deposition of the plaintiff, Hui Wang," on June 5, 2019 at the office of Michael P. Foley, Jr., P.C., 1120 South Main Street, Cheshire, Connecticut. Doc. 20-2, at 2.

but they were "unable to resolve their differences" with respect to the location of Plaintiff's deposition. Doc. 20-1, at 1; Doc. 20-3, ¶¶ 2-4.

Defendant Omni has objected to the Plaintiff's motion. Doc. 21. In the words of Omni's counsel, Plaintiff now moves for an order "demanding Omni be limited to conducting Plaintiff's deposition in a manner that is satisfactory to Plaintiff, to wit, either telephonically, video conference, or in-person in Hong Kong." *Id.*, at 2. Omni argues that Plaintiff initiated this action and "now asks this Court to prejudice Omni in the defense of this case by either requiring Omni to incur the expense of traveling to Hong Kong to take Plaintiff's deposition, or to conduct her deposition in a manner Omni finds inadequate, inefficacious, and contrary to its right to depose Plaintiff in the manner best suited to confront, vet, and defend itself against her claims." *Id.*, at 3. Plaintiff has filed no reply to Defendant's response, and the prescribed fourteen-day period to do so has ended. D. Conn. L. Civ. R. 7(d).

The Court has reviewed the parties' positions with respect to Plaintiff's motion for a protective order and will rule on the motion herein.

## II. DISCUSSION

### A. Standards of Law

A party in need of the court's protection from unduly burdensome discovery may make a motion under Rule 26 of the Federal Rules of Civil Procedure. That Rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1)(B).

With respect to the location of a deposition, as a general rule, "the party who notices a deposition is entitled to choose its location." *Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011) (citing *Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, No. 3:07–CV–775 (AHN), 2008 WL 747660, at *2 (D.Conn. Mar.17, 2008)). *See also Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (the party that notices the deposition "usually has the right to choose the location"); Fed. R. Civ. P. 30(b)(1) (specifying that the party who wants to depose a person must state in the notice of deposition "the time and place"). *See* also generally 7 Moore's Federal Practice, § 30.20 [1] [b] [ii] ("[T]he party noticing the deposition usually has the right to choose the location.")

In addition,"[t]here is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." *Connell v. City of New York*, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002) (citation omitted). *See also Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) ("[A] plaintiff must generally submit to deposition in the district where he has commenced litigation," whereas "a defendant is usually entitled to insist that his deposition take place where he resides."); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y.1984) ("In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.") (collecting cases).

Furthermore, "it is the plaintiff who is generally required to 'bear any reasonable burdens of

inconvenience that the action presents.'" *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn.2005) (quoting *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88-CV-2670 (JFK), 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5,1990)). *See also Gulf Union Ins. Co. v. M/V Lacerta*, No. 91 Civ. 2814 (PKL), 1992 WL 51532, at * 5 (S.D.N.Y. March 9, 1992) (same). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum." *Buzzeo*, 178 F.R.D. at 392. "The defendants, on the other hand, are not before the court by choice." *Id. See also Media Group, Inc. v. In-finn-ity Productions, Inc.*, No. 3:99-CV-1014 (PCD), 2000 WL 303221, at *1 (D. Conn. Feb.1, 2000) (same).

Nonetheless, "there is no absolute rule as to the location of the deposition of a nonresident plaintiff as courts must strive to achieve a balance between claims of prejudice and those of hardship." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (quoting *Normande v. Grippo*, No. 01 Civ. 7441(JSR)(THK), 2002 WL 59427, at *1-2 (S.D.N.Y. Jan. 16, 2002)) (internal quotation marks omitted). Although "a defendant is entitled to examine a plaintiff in the forum where [the] plaintiff has chosen to sue," if "special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant, the general rule may yield to the exigencies of the particular case." *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994) (quoting *Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y.1965)). The Court must exercise its discretion to carefully weigh the relevant facts because "there is no hard and fast rule." *Seuthe*, 38 F.R.D. at 324.

Courts within this Circuit have permitted the depositions of certain plaintiffs to be held elsewhere or by telephone "where the plaintiff is physically or financially unable to come to the forum." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011)

(collecting cases). *See, e.g., Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y.2006) (permitting certain plaintiffs to have their depositions taken by telephone or videoconference where claims were of "modest monetary value" and it would be a hardship for them to travel to distant cities; and allowing defendants to conduct these examinations by video-conference if they bore the expense and made arrangements for the plaintiffs to appear within 50 miles of their residences); *Abdullah*, 154 F.R.D. at 592-94 (requiring defendants to travel to London to depose indigent plaintiff, who resided in that city, because he had "no genuine choice of forum; defendants [were] located in the United States," and he would not be allowed to return to the United Kingdom to pursue his asylum application if he traveled to the United States).

"A motion for a protective order not to have a deposition at a particular site, or to compel deposition in a particular location, is considered by reviewing three factors of the cost, convenience, and litigation efficiency of the designated location." *Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011) (quoting *Sloniger v. Deja*, No. 09–CV–858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010)). *See also GEOMC Co. v. Calmare Therapeutics, Inc.,* No. 3:14-CV-01222 (VAB), 2017 WL 2294282, at *2 (D. Conn. May 25, 2017) (citing and quoting *Brockway,* 22011 WL 1459592, at *8); *Buzzeo*, 178 F.R.D. at 393 ("The court finds that the general 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure – as shown through an analysis of cost, convenience and litigation efficiency – is the appropriate standard under which to evaluate the motion" for a protective order.); *Mill-Run Tours,* 124 F.R.D. at 550-51 (examining factors of cost, convenience, and litigation efficiency to rule on defendants' motion for protective order regarding location of their depositions).

**B. Parties' Arguments**

*1. Plaintiff's Motion for Protective Order*

Plaintiff bases her request to have her deposition taken in Hong Kong on the grounds that having her deposition taken in Connecticut "would be a severe hardship for [her]." Doc. 20-1, at 3. She clarifies that she has filed this motion "because she is a resident of Beijing, and it would be a hardship for her to travel to Cheshire, Connecticut for her deposition." Doc. 20, at 1. Moreover, Plaintiff cannot testify in her home country of China because Chinese law does not permit depositions or witness statements to be taken in China for use in foreign courts. Doc. 20-1, at 3. Hong Kong, Plaintiff maintains, is a viable alternative. She urges that this is particularly true since Federal Civil Rule 30(b)(4) authorizes the Court to allow depositions to be taken by telephone or other remote means, providing that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." *Id.*

Plaintiff states that she had no choice of venue when she filed her suit in the Superior Court for the Judicial District of New Haven because "[n]o other venue would have been proper as to the defendant, Omni Hotel Management Corporation," which owned and operated the Omni Hotel in New Haven. Doc. 20-1, at 2. She concludes that Defendant cannot now "demand that [she] appear for a deposition in Cheshire, Connecticut[,] as opposed to defendant traveling to Hong Kong for her deposition." *Id.*, at 5. She further asserts that this is "especially true where special circumstances such as hardship or financial burden outweigh any prejudice to the defendant" and it is within the Court's discretion to decide whether Omni must "either conduct a telephone deposition, a video teleconference deposition or go to Hong Kong for [her] deposition." *Id.*

With her motion, Plaintiff includes a Rule 37 affidavit of her counsel, stating that on March

26, 2019, he conferred in good faith with Defendant's counsel, but they "were unable to agree on the location and nature of the plaintiff's deposition in this case."[4]  Doc. 20-3 (Affidavit of Michael P. Foley, Jr.), at ¶¶ 2-4.   In support of her motion, Plaintiff also appends a business flyer or advertisement document dated July 6, 2017, by Ian Hardy of  "Optima Juris, The International Deposition Agency." Doc. 20-4.  That document  indicates that China "does not permit the taking of  depositions or witness statements (even from willing witnesses) in China for use in foreign courts;" and violation of this rule "can result in serious sanctions, from deportation to the arrest and detention of attorneys and other participants."[5]  *Id.*, at 2.  The Optima Juris article then suggests the "workaround" of taking depositions in Hong Kong or Singapore, where such discovery is "completely legal" and free of restrictions.  *Id*.  Optima Juris offers  assistance with court reporters in these countries and provides internet links with useful information to arrange such a deposition. *Id.*

With her motion for a protective order, Plaintiff has filed no affidavit of her own to attest to facts in support of her motion.  Rather, she relies on statements of her counsel in the body of her motion, which do not equate with testimony and are not evidence in a legal proceeding. "Only sworn

---

[4]  Local Rule of Civil Procedure 37 states that "counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." D. Conn. L. Civ. R. 37(a).  Federal Rule of Civil Procedure 37 contains a similar provision, mandating that a motion relating to a discovery issue "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

[5]  According to the Optima Juris document, "[e]ven conducting a deposition in a hotel room with an oath by private persons could result in criminal penalties under Chinese law."  Doc. 20-4, at 2.

testimony of witnesses may comprise evidence, if relevant and admissible." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012795, at *1 (D. Conn. Aug. 5, 2013). *See also* Fed. R. Evid. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully.").

### 2. *Defendant's Objection to Protective Order*

Omni asserts that Plaintiff's deposition should be conducted in Connecticut because that is the jurisdiction where she brought her claims.[6] Doc. 21, at 4. Omni describes itself as an "involuntary defendant with no liability," stating that it has already determined during discovery that it has no liability to Plaintiff "due to the placement of a warning sign and mat immediately inside the front door entrance where Plaintiff entered the hotel prior to falling." *Id.*, at 2-3. According to Omni, Plaintiff fell due to her own "negligence and failure to take proper precautions for her own safety including, but not limited to, wiping her feet, remaining on the mat at the entrance of the doorway, and heeding the warnings displayed on the clearly posted caution sign." *Id.* Under these circumstances, Omni believes that it would be unfair for the Court to "prejudice Omni in the defense of its own case by either requiring Omni to incur the expense of traveling to Hong Kong to take Plaintiff's deposition, or to conduct her deposition in a manner Omni finds inadequate, inefficacious, and contrary to its right to depose Plaintiff in the manner best suited to confront, vet, and defend

---

[6] Omni states that the fact that Plaintiff had no choice but to bring her suit in Connecticut, where she was injured, should be no excuse to move her deposition. Otherwise, in recognition that plaintiffs do not get to choose where they are injured, "every plaintiff would get to choose either the location or manner of his or her deposition in every personal injury action in the United States." Doc. 21, at 8. Such a holding would fly in the face of case law which recognizes the "long enunciated . . . . policy of requiring a non-resident plaintiff" to appear for deposition in the forum where he brought his suit "absent compelling circumstances." *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984).

itself against her claims." *Id.,* at 3.

Furthermore, Omni argues that if "Plaintiff has the means and ability to travel to Hong Kong for her deposition, she has the means and ability to travel to Connecticut." *Id.* Omni represents that the difference in cost for flights to Hong Kong and Connecticut from Beijing for the least expensive round trip flights for the dates before and after Plaintiff's deposition date of June 5, 2019, is less than $600; and that amount is "negligible" in comparison to the alleged amount in controversy, which is in excess of $75,000. *Id.* In support of this argument, Omni has appended an exhibit showing fares for round trip flights from Beijing to Hong Kong and Beijing to Connecticut (Bradley International Airport, Windsor Locks) for June 4 and June 6, 2019, as reported on Orbitz.com, a bargain travel website. Doc. 21-3, at 1. Omni concludes that the cost of flying its counsel to Hong Kong for the deposition, including billing for time expended en route, would be "substantially greater." *Id.*

With respect to the burden of proof, Omni notes that Plaintiff's motion is unverified and, in any event, fails to specify a financial or other particular burden. *Id.*, at 4-7. She has provided no affidavit, verified statement, or any other submission of proof to satisfy her burden of demonstrating good cause for her deposition to be conducted outside of Connecticut. *Id.*, at 5 (citing *Clinton v. Cal. Dep't of Corr.*, No. Civ. S-05-1600-LKK-CMK-P, 2008 U.S. Dist. LEXIS 111287, at *3 (E.D. Cal. Nov. 25, 2008) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1961)). Omni argues that to satisfy this burden, "plaintiff must submit proof on the record supporting a claim of hardship or compelling circumstances." *Id.*, at 4-5 (collecting cases). From her papers, Omni infers that Plaintiff "simply prefers not to travel to Connecticut," which is not good cause for a protective order. *Id.*, at 7.

Moreover, Omni maintains, even if Plaintiff had properly supported her motion that her

deposition should be conducted telephonically outside of Connecticut, she should be the party to bear the cost of the deposition arrangements and be sworn by an authorized individual in the location of her deposition. *Id.*, at 6 (citing *Normande v. Grippo*, 01 Civ. 7441(JSR)(THK), 2002 U.S. Dist. LEXIS 501, at *2 (S.D.N.Y. Jan. 14, 2002) and *Rosario v. Anson*, No. 12-CV-1506 (GLS/CFH), 2014 U.S. Dist. LEXIS 124681, at *7 (N.D.N.Y. Aug. 14, 2014)). Moreover, the Court should reserve the right for Plaintiff to appear in person in Connecticut for a "follow-up" deposition upon Omni's showing that it was unable to conduct a meaningful deposition telephonically. *Id.* (citing, *inter alia, Rosario*, 2014 U.S. Dist LEXIS124681, at *7).

Finally, Omni represents that it will be "significantly prejudiced if not permitted to take Plaintiff's deposition in person." Doc. 21, at 11. In addition to "language barriers and [the] necessity of assessing [Plaintiff's] demeanor and credibility," Omni states that there is a "significant number of documents and materials" to be presented to Plaintiff during her deposition such that it will be facilitated if conducted in person.[7] *Id.* Omni cites language from *Clinton*, 2008 U.S. Dist. LEXIS 11127, denying plaintiff's motion for a protective order, as follows:

> [C]onducting the deposition remotely would hinder defendants' ability to question plaintiff as to specific documents. The court is satisfied that requiring defendants to take plaintiff's deposition by remote means would in fact place them at a disadvantage by not allowing defense counsel to adequately observe plaintiff's demeanor to prepare for trial. The court declines to require defendants to do so.

Id., at *5-6.

In the alternative, Omni offers to conduct Plaintiff's deposition in person in Hong Kong if Plaintiff bears the expense of that deposition or at a "mutually agreeable location within the

---

[7] Omni represents that, among others, these documents and materials will include video, photographs, discovery material, reports, and medical records. Doc. 21, at 11.

continental United States." Doc. 21, at 12. With respect to conducting Plaintiff's deposition in Hong Kong, Omni will agree to send counsel in person if Plaintiff covers all costs of same ("including all costs complying with Rule 28(b) and arranging a qualified videographer, translator, and individual authorized to administer oaths in Hong Kong, transportation, food, lodging, and attorneys' fees").[8] *Id.* Alternatively, Omni offers to take the deposition "anywhere in the continental United States" other than Connecticut. *Id.* Omni asserts that either of these options "would be a fair result in balancing the interests of the parties if the Court is inclined to find that Plaintiff need not travel to Connecticut for her deposition." *Id.*

In closing, Omni requests that the Court not only deny Plaintiff's motion for protective order, but also award Omni costs and reasonable attorney's fees related to its objection, including fees for "preparing, filing and prosecuting this opposition." *Id.* Defendant makes this request pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

Plaintiff has filed no reply to Omni's opposition, and the deadline to reply has expired. *See* Rule 7(d), D. Conn. L. Civ. R. ("Any reply memorandum must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made . . . ."). More than fourteen days have elapsed since Omni filed its memorandum in opposition, on April 12, 2019.

---

[8] While the issue is not ripe for decision at this time, Omni may be overstating its entitlement by including "attorney's fees." When a deposition is conducted outside the forum jurisdiction at the behest of one party, the adversary party is generally allowed reimbursement of its attorney's out-of-pocket expenses (travel and subsistence) incurred by counsel's attendance at the deposition. Attorney's fees, which would have been incurred wherever the deposition was held, stand on a different footing. On occasion, a party seeks attorney's fees for time counsel spent on long plane flights to and from a deposition in a foreign country, prompting one to ask whether counsel was (1) thinking productively about the case, (2) thinking about something else entirely, or (3) asleep. Such questions as these fall within the trial judge's discretion. I will deal with them in the case at bar if the occasion presents itself.

## C. Analysis

In general, when determining whether to grant a request for a protective order of this kind, the Court weighs the relevant facts, applying the "good cause" standard of Rule 26(c) to determine whether the protective order should be granted. In so doing, the court typically analyzes the three factors of cost, convenience, and litigation efficiency. *See, e.g., Brockway*, 2011 WL 1459592, at *5; *Buzzeo*, 178 F.R.D. at 393.

However, at the outset of analysis with respect to Plaintiff's motion, the Court notes that it cannot fully assess the factors where Plaintiff has failed to submit sufficient evidence in support of her request. In particular, she has filed no sworn affidavit and/or supporting documents regarding the particular grounds for her motion. Plaintiff has only submitted a motion and accompanying memorandum, in which her counsel states that it "would be a severe hardship for the plaintiff" if she had to travel to Cheshire, Connecticut, for her deposition. Doc. 20-1, at 3. The motion itself states that Plaintiff has brought her motion "because she is a resident of Beijing, and it would be a hardship for her to travel to Cheshire, Connecticut for her deposition." Doc. 20, at 1. Other than the obvious distance between Beijing, China, and Cheshire, Connecticut, Plaintiff produces no evidence as to *why* travel to Connecticut would constitute a "hardship." She provides no financial records or testimony to show that she is unable to pay the airfare from Beijing to Connecticut. She also presents no testimony or medical records to suggest that she is physically unable to make the journey, for example, due to her alleged injury at issue, which occurred at the end of September 2018.

On the question of Plaintiff's possible economic hardship, this case may be contrasted with *Connell v. City of New York*, 230 F. Supp. 2d 432 (S.D.N.Y. 2002), where a former employee sued the City for retaliation in violation of the ADA. When he filed his complaint, the *pro se* plaintiff

resided near Boston. The defendant City noticed plaintiff's deposition in New York. Plaintiff "advised [defendant's counsel] . . . that he could not attend the June 7 date because he had 'No $.'" 230 F. Supp. 2d at 435. Judge Scheindlin, denying defendant's motion to dismiss the complaint for failure to prosecute, noted "plaintiff's argument that the financial burden of coming to New York, albeit the chosen forum, is formidable *given plaintiff's indigence*," *id*. at 436 (emphasis added), a state of penury the judge accepted in her holding that a stay of dismissal was warranted because "plaintiff has shown sufficient financial hardship to support his claim that coming to New York for his deposition would be very difficult." *Id*. at 436-37. Judge Scheindlin directed the parties to arrange for plaintiff to be deposed by video conference at the federal courthouse in Boston.

In the case at bar, Plaintiff Wang, represented by retained counsel, makes no attempt to show that her straitened circumstances would impose significant hardship if she traveled from Beijing to Cheshire, Connecticut, for a deposition lasting one or possibly several days. Without deciding the question on the present record, that proposition of hardship seems doubtful, since as recently as September 25, 2018 (the date of her injury), Plaintiff apparently had sufficient wherewithal to attend a one-year Yale-sponsored scholastic program in New Haven, Connecticut.

Similarly, as to Plaintiff's proposed alternative, a "videotape-video[-]conference deposition in Hong Kong," Plaintiff's counsel simply indicates that "China does not allow the taking of depositions or witness statements in China for use in foreign courts." *Id.*. To prove the existence of China's ban on such depositions, counsel appends an advertisement of an international deposition agency, Optima Juris. Nonetheless, Plaintiff offers no compelling reasons why Hong Kong is the only alternative location and why a video-conference should suffice, especially in light of the documents Omni has asked her to produce in conjunction with her deposition.

The language of Rule 26(c) "makes clear that there is a burden on the party seeking a protective order." *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981). The burden on the moving party constitutes a requirement that the moving party make a threshold showing that there is "good cause" that the order issue. *General Dynamics Corp. v. Self Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied* 414 U.S. 1162 (1974). Mere conclusory statements will not suffice to constitute a preliminary showing; and only after such a showing has been made is it appropriate to consider the opposing party's countervailing considerations. *See, e.g., Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) ("To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. If the moving party establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.") (citations and internal quotation marks omitted); *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 223 (S.D.N.Y. 2006) ("Under normal circumstances, such broad assertions of good cause would be too generalized to support imposition of a protective order.") (citing *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) ("[W]e explained that there is good cause when a party shows that disclosure will result in a clearly defined, specific and serious injury but that *broad allegations of harm are not sufficient* to *establish good cause*.") (emphasis added)); *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 26 (E.D.N.Y. 2006) (a plaintiff's "mere conclusory allegation is insufficient to establish good cause" (citing *Rofail v. United States*, 227 F.R.D. 53, 57-59 (E.D.N.Y. 2005)).

To show "good cause" for a protective order, one must make a threshold showing. Counsel's factual statements in a pleading, albeit bound by rule to "have evidentiary support," Fed. R. Civ. P.

11(b)(3), do not themselves constitute evidence. Moreover, even if counsel's statements were accepted to state facts on their face, they are broad and conclusory in asserting Plaintiff's "severe hardship" and provide no underlying factual details. To provide "good cause" for her motion, Plaintiff must present the *specific facts* that give rise to her hardship. If she is able to do so, she must then show why Hong Kong, in particular, should be the location for her deposition and why a video-conference will suffice or why Defendants, instead of Plaintiff, should bear their financial burden to travel to Hong Kong to take her in-person deposition.

Under the circumstances, the Court cannot properly exercise its broad discretion to determine whether a protective order is warranted in this case. The Court will thus deny the motion without prejudice to refiling by a set date with an affidavit and/or documents specifying the particular grounds upon which Plaintiff requests entry of a protective order.

### III. CONCLUSION

Although the Court has broad discretion regarding whether to issue a protective order under Rule 26(c), Fed. R. Civ. P., it may only do so upon the moving party's demonstration that "good cause" exists for the requested protection. Here, Plaintiff bases her motion to be deposed in Hong Kong on her counsel's conclusory allegation that she will undergo "severe hardship" if she is forced to travel to Connecticut for her deposition. However, Plaintiff provides no evidence of the cause of her hardship, including no affidavit or supporting documents. Similarly, Plaintiff's counsel merely asserts that a video-conference in Hong Kong is the proposed viable alternative because Plaintiff's home country of China has imposed a ban on depositions for use in foreign courts. However, Plaintiff provides no details why Hong Kong, in particular, should be the alternative site and why a video-conference would be an adequate means for taking her deposition.

Plaintiff brought her personal injury action in Connecticut so that but for her proof of undue burden or prejudice, the presumption is that Omni may take her deposition within the jurisdiction where she initiated the action. Plaintiff's motion for protective order is DENIED WITHOUT PREJUDICE to renewal on or before **June 10, 2019**, with testimony in the form of one or more sworn affidavits and/or documentary proof of the facts regarding her alleged "severe hardship" if she is required to travel to Connecticut to be deposed.[9] Plaintiff must also detail why Hong Kong should be the location, as opposed to locations proposed by Omni. Finally, she must show cause why her deposition in the form of a video-conference should suffice and/or why Omni should have to bear the additional financial expense of traveling to Hong Kong to take her deposition in person.

If Plaintiff refiles her motion, as described above, Omni may renew its objection as filed and/or file an additional objection to the motion. The date of Plaintiff's deposition is continued pending her filing of an amended motion for protective order and the Court's entry of a ruling thereon. If Plaintiff fails to file said motion by **June 10, 2019**, Omni may re-notice her deposition for a date not earlier than **July 10, 2019**, in Cheshire, Connecticut.

Upon ruling on Plaintiff's amended motion for protective order, if any, or upon the expiration of the June 10, 2019, deadline, whichever is later, the Court will set a briefing schedule and/or argument date for both parties to address Defendant's request for reasonable attorney's fees and costs in opposing this motion, and, if appropriate, in opposing the amended motion, under Federal Rule

---

[9] The Court notes that the hardship to witnesses is relevant to determining the proper location of a deposition, whereas "the convenience of counsel is less compelling than any hardship to the witnesses." *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005)(quoting *Devlin v. Transp. Communications Int'l Union*, No. 95–CV–0742, 2000 WL 28173, at *3–4, 2000 U.S. Dist. LEXIS 264, at *11 (S.D.N.Y. Jan. 13, 2000)).

of Civil Procedure 37(a)(5). The parties are reminded that if a motion for protective order is denied, "the movant, the attorney filing the motion, or both" must, after receiving an opportunity to be heard, be ordered "to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the "court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The parties are also advised that prior to Plaintiff's filing of an amended motion, they must once again confer in "good faith" to attempt to reach a mutually satisfactory resolution regarding the location and means of taking Plaintiff's deposition. As suggested by Local and Federal Rules 37 of Civil Procedure, it is preferable for the parties to achieve their own agreement, rather than have discovery terms imposed upon them via the Court's intervention. Moreover, the additional time and money expended in discovery motions can be averted if both parties act reasonably and in "good faith" to resolve such issues.

The foregoing is SO ORDERED.

Signed: New Haven, Connecticut
      May 13, 2019

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge