## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HUI WANG,

                Plaintiff,

v.

OMNI HOTELS MANAGEMENT
CORPORATION,

                Defendant.

Civil Action No.
3:18-cv-2000 (CSH)

**DECEMBER 14, 2021**

### RULING ON PLAINTIFF'S MOTION TO COMPEL ANSWERS
### TO HER FIRST REQUEST FOR ADMISSIONS [Doc. 52]

**Haight, Senior District Judge:**

### I.  BACKGROUND

In this personal injury action, Plaintiff Hui Wang sues defendant Omni Hotels Management (herein "Defendant" or "Omni") for negligence to recover damages arising from a slip and fall she allegedly suffered on September 25, 2018, in the lobby of the Omni New Haven Hotel at Yale ("Omni Hotel").  On that date, Plaintiff, who is a citizen of China, domiciled in Beijing, was visiting New Haven, Connecticut, to participate in the Sequois-Yale EMBA leadership program at Yale. Doc. 1 ("Notice of Removal"), at 4, ¶ B.8;  Doc. 1-1 ("Complaint"), ¶¶ 1-3.  At approximately 7:40 p.m. on that date, while walking into the front entrance of the Omni Hotel, she allegedly "was caused to slip and fall on water that had accumulated on the floor" and to land with "great force and violence," resulting in "severe injuries, damages and losses," including such damages as a mid-shaft tibia fracture of the left leg which required surgery.  Doc. 1-1, ¶¶ 2-3.  As a result of these  injuries, Plaintiff asserts that she "was forced to undergo extensive medical care and treatment, and she may

1

require additional medical care and treatment in the future." Doc. 1, ¶ 9.

Plaintiff originally initiated her negligence action against Omni in the Connecticut Superior Court for the Judicial District of New Haven on or about November 20, 2018.  *Hui Wang v. Omni Hotel Management Corp.*, No. NNH-CV19-6086968-S (Conn. Super. Ct. Nov. 20, 2018).  Pursuant to the federal removal statutes, 28 U.S.C. §§ 1441 and 1446, she then removed the case to this federal court on December 6, 2018, within thirty days of service of the summons and Complaint on Defendant, on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(2).

Currently pending before the Court is Plaintiff's "Motion to Compel Answers" to her requests for admission pursuant to Federal Rule of Civil Procedure 36. Doc. 52. The Court resolves the motion herein.

## II.  DISCUSSION

### A.  Motion to Compel

In an effort to prove the truth of matters within the scope of discovery under Rule 26(b)(1), Fed. R. Civ. P.,  Plaintiff served Omni with written requests to admit, for purposes of this action, certain facts.   Plaintiff has represented that Defendant initially objected to Request for Admission ("RFA") Nos. 1 and 3-12.  Doc. 52, at 1; *see also* Doc. 52-1 ("Affidavit" of Michael P. Foley Jr., Plaintiff's counsel), ¶¶ 2-3.    Thereafter, the parties conferred in good faith during a Rule 37 conference and resolved their differences as to all RFAs except Nos. 11 and 12.  Doc. 52-1, ¶ 4. Because the parties have been unable to reach agreement as to RFA Nos. 11 and 12, Plaintiff now moves the Court for an "order as to the sufficiency of Defendant's objections and answers to these [Requests] and compelling answers to [them] by a date certain." Doc. 52, at 1.

In her motion, Plaintiff has asserted that she seeks to obtain information that falls within the

scope of discovery under Rule 26(b)(1), Fed. R. Civ. P.,which broadly includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[1] According to Plaintiff, the "disputed discovery . . . is directly relevant to the core issues in this case and fall[s] well within the liberally broad boundaries applicable to discovery."  Doc. 24-5, at 3 (citing, *inter alia*, *In re Madden*, 151 F.3d 125, 128 (3d Cir. 1998)).

"Any motion based on Rule 26 is inextricably dependent upon a finding of relevance *vel non*." *Lamoureux v. Genesis Pharmacy Servs., Inc.*, 226 F.R.D. 154, 162 (D. Conn. 2004).  It thus follows that "a discussion of relevance is indispensable and essential." 226 F.R.D. at 162.  Here, the Court finds that the basic facts surrounding the fall lie at the heart of Plaintiff's claims for injuries from that fall.  Pursuant to Federal Rule of Evidence 401, which governs "relevance," the specifics of Plaintiff's fall  make it "more or less probable'" that Omni was negligent and are "of consequence in determining the action," Fed. R. Evid. 401.

## B.  Federal Rule of Civil Procedure 36

Requests for admission are "not discovery tools, but rather serve to narrow or reduce the issues for trial." *Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2021 WL 4248887, at *31 (D. Conn. Sept. 17, 2021) (citing *Iron Workers Local No. 60 Annuity Pension Fund v. Solvay Iron*

---

[1] Federal Rule of Civil Procedure 26(b)(1) delineates the proper scope of discovery as "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,  considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

*Works, Inc.*, No. 515-cv-0054 (BKS)(DEP), 2017 WL 1458772, at *3 (N.D.N.Y. Apr. 24, 2017)).
As courts within this Circuit have noted, "[t]he 'sole purpose' of requests for admission under Rule
36 'is to streamline the presentation of evidence at trial.'" *Pasternak v. Dow Kim,* No. 10 CIV. 5045
(LTS) (JLC), 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (quoting *T. Rowe Price Small-Cap
Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 43 (S.D.N.Y. 1997)).  In addition to "reduc[ing]
the cost of litigation" and "narrowing the scope of disputed issues," requests for admission
"facilitat[e] the succinct presentation of cases to the trier of fact"  and "eliminat[e] the necessity of
proving undisputed facts." *Thalheim v. Everheim*, 124 F.R.D. 34, 35 (D. Conn. 1988) (citations
omitted).  *See also El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019  WL
3491639, at *2 (D. Conn. July 31, 2019) ("[R]equests for admissions serve the distinct[ ] . . . purpose
of assisting the parties and the court to narrow the factual issues to be presented for determination
in connection with such a claim, either on motion or at trial.") (citing  *Brodeur v. McNamee*, No.
3:02-CV-823 (NAM/DEP), 2005 WL 1774033, at *2 (N.D.N.Y. July 27, 2005)).

Federal Rule of Civil Procedure 36, which governs "Requests for Admission," provides that
"[a] party may serve on any other party a written request to admit, for purposes of the pending action
only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application
of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.
R. Civ. P. 36(a)(1).  "A matter admitted under this rule is conclusively established unless the court,
on motion, permits the admission to be withdrawn or amended." *Id.* 36(b).  Such an admission "is
not an admission for any other purpose and cannot be used against the party in any other
proceeding." *Id.*

The party who is served with requests for admission may answer or object.  In particular, with

4

respect to answers, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *Id.* 36(a)(4). Moreover, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Additionally, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

As to objections, "[t]he grounds for objecting to a request must be stated." *Id.* 36(a)(5). Also, "[a] party must not object solely on the ground that the request presents a genuine issue for trial." *Id.*

Rule 36(a) further provides that if the party that served the requests questions the sufficiency of an answer or objection by the responding party, the requesting party may move the court to make a determination on said "sufficiency." *Id.* 36(a) (6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* If it finds that "an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

In this district, "[w]hen passing on a motion to determine the sufficiency of answers or objections, the court . . . must consider the phraseology" – or particular language – "of the requests as carefully as that of the answers or objections." *Thalheim,* 124 F.R.D. at 34. To make the answers concise and clear, the facts stated in the requests "should be stated singly." *Id.* (citation omitted). Requests must thus be "simple and direct," not "vague or ambiguous." *See* 7 James W. Moore, *et al.*,

*Moore's Federal Practice* § 36.10[6] (3d ed. 2009). "[E]ach matter of which admission is requested mut be separately stated." *Id.*

"The party who requests the admission 'bears the burden of setting forth its requests . . . in such a manner that they can be answered with a simple admit or deny without explanation, and in certain instances, permit a qualification or explanation for purposes for clarification.'" *El-Massri*, 2019 WL 3491639, at *2 (citing *Dash v. Seagate Technology (US) Holdings, Inc.*, No. CV-13-6329 (LDW) (AKT), 2015 WL 4257329, at *16 (E.D.N.Y. July 14, 2015)); *see also United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 968 (3rd Cir.1988) (Requests for admission should state the fact in such a way that it can be denied or admitted "with an absolute minimum of explanation or qualification.").[2]

A denial must be stated specifically and "respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).  *See also* 8B Charles Alan Wright & Arthur R. Miller,  *Federal Practice & Procedure* § 2260 (3d ed. Westlaw 2021) ("It is expected that denials will be forthright, specific, and unconditional."). Simply stating"denied" is often sufficient. *See United Coal*, 839 F.2d at 967. As an additional option, a responding party may, "in good faith, qualify its answer or deny only part of a matter." 7 *Moore's Federal Practice* § 36.11[5][b]. Qualifying one's denial is appropriate if "the statement [in the request], although containing some truth, standing alone out of context of the whole truth conveys unwarranted unfair references." *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (internal quotation marks and alterations omitted).

---

[2] As the Court elaborated in *Thalheim v. Eberheim*, "[t]he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply." 124 F.R.D. at 35 (quoting 4A J. Moore, *Federal Practice*, § 36.05(2) at 51 (1987)).  *Accord Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990).

Alternatively, rather than denying a requested admission, the answering party may object to the request or to a particular aspect of the request. *Henry*, 212 F.R.D. at 78.  To  object, the responding party must "set forth in detail the reasons why [it] cannot truthfully admit or deny the matter." *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (quoting Fed. R. Civ. P.  36(a)). An objection must be directed, and specifically related to, a particular request.  *Henry,* 212 F.R.D. at 78.  A responding party must answer any portion of the request to which the objection does not apply; and general objections – without any reference to a specific request  –  are "meritless." *Id*. (citation omitted).

The party who opposes a request for admission "bears the burden of demonstrating why the requests should be denied."  *Sedona Corp. v. Open Sols., Inc.*, No. 3:07CV00171 (TPS), 2008 WL 11376619, at *1 (D. Conn. Jan. 18, 2008)(citing *Ruran v. Beth El Temple of W. Hartford, Inc.,* 226 F.R.D. 165, 168 (D. Conn. 2005)). The objecting party thus has the burden "to persuade the court that there is a justification for the objection." *Freydl v. Meringolo*, No. 09-CIV-07196 (BSJ) (KNF), 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011) (quoting 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2263 (3d ed. 2010)).  "Provided the demand [in the request] is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to a request to admit is improper." *El-Massri,* 2019 WL 3491639, at *2 (citing *Woodward v. Holtzman*, 329 F.R.D. 16, 26 (W.D.N.Y. 2018)).

When a request is denied, the court considers: "(1) whether the denial  *fairly* meets the substance of the request, (2) whether *good faith* requires that the denial be qualified, and whether any 'qualification' which has been supplied is a *good faith* qualification."  *Thalheim,* 124 F.R.D. at 34  (emphasis in original).  The court recognizes that qualification may be necessary when a request

7

contains assertions that are partially correct. *Id.* (citation omitted).  However, a responding party cannot be allowed to make "hair-splitting distinctions" with the goal of unfairly burdening the opposing party." *Id.* (citation omitted). If the court ultimately finds that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

## C.  Objections and Responses

Turning to Plaintiff's RFAs at issue and Omni's objections and responses thereto, the Court will examine the parties' language, as well as their arguments in support of their positions on the motion to compel.

### 1.  RFA Nos. 11 and 12 and Omni's Objections and Responses

Request for Admission No. 11 states:

As seen in the video that has been produced by the Defendant, the Plaintiff slipped and fell on the floor located behind the front entrance revolving door immediately after she entered the hotel on the date of the accident.

Doc. 52-2 (Ex. B, "Requests for Admissions"), ¶ 11.

Omni replied with an "Objection" and a "Response":

**OBJECTION**: Omni objects to this request as vague and mischaracterizing the circumstances of Plaintiff's incident, in that Plaintiff did not use the revolving door and did not use mats that were present in the lobby.  Omni further objects on the grounds and to the extent that the video speaks for itself, and thus objects to Plaintiff's characterization of that video. Omni objects to this request as argumentative.

**RESPONSE**: Subject to and without waiving its objections, Omni ADMITS that Plaintiff failed to take proper precaution for her own safety including, but not limited to: looking where she was going while walking, failing to observe and heed a visible wet floor sign, and stepping off of the available mat and onto the marble floor where she slipped. Omni otherwise DENIES the implications and insinuations of this Request.

8

*Id.*

> Plaintiff's Request No. 12 states:
>
> As seen in the video that has been produced by the Defendant, the Plaintiff slipped and fell on the floor located behind the front entrance revolving door where there was no mat.

Doc. 52-2, ¶ 12.

> Omni responded to that Request as follows:
>
> **OBJECTION:** Omni objects to this request as vague and mischaracterizing the circumstances of Plaintiff's incident, in that Plaintiff did not use the revolving door and did not use mats that were present in the lobby. Omni further objects on the grounds and to the extent that the video speaks for itself, and thus objects to Plaintiff's characterization of that video. Omni objects to this request as argumentative.
>
> **RESPONSE:** Subject to and without waiving its objections, Omni ADMITS that Plaintiff failed to take proper precaution for her own safety including, but not limited to: looking where she was going while walking, failing to observe and heed a visible wet floor sign, and stepping off of the available mat and onto the marble floor where she slipped. Omni otherwise DENIES the implications and insinuations of this Request.

*Id.*

### 2. *Parties' Arguments*

As to RFA No. 11, Plaintiff argues that she is "entitled to a response as to whether as seen in the video that has been produced by the Defendant, the Plaintiff slipped and fell on the floor located behind the front entrance revolving door immediately after she entered the hotel on the date of the accident," Doc. 52-3, at 5-6.

Omni opposes Plaintiff's motion to compel, characterizing RFA No. 11 as "vague," a mischaracterization of the circumstances, and "argumentative." In opposing, Omni points out that "Plaintiff walked from the outside of [the] hotel into that hotel's lobby using the leftmost of two

swinging doors." Doc. 53 ("Defendant's Memorandum in Opposition"), at 2.  The video at issue "appears to show Plaintiff looking behind making no effort to wipe her feet, and then stepping off of mats placed in front of the swinging door she was using and onto the marble floor adjacent to that mat." *Id.* (citing Ex. 1, first photograph of "Lobby Front Entry AXIS P3304").  Omni further points out that "[n]ext to the swinging door was a revolving door, which Plaintiff did not pass through at the time of her fall." *Id.*  "Immediately after the mat behind the swinging door was another mat, and Plaintiff did not get as far as that mat before she fell." *Id.* (citing Ex. 2, second photograph of "Lobby Front Entry AXIS P3304").  Omni thus implies that the language chosen by Plaintiff mis-leads one to believe that she passed through the revolving doors and that Plaintiff made full use of the available mats.

Furthermore, it is Omni's position that RFA Nos. 11 and 12 "are substantially similar" in that "the only words that differ" between them are "immediately after she entered the hotel on the date of the accident" [RFA No. 11] and "where there was no mat [RFA No. 12]." *Id.* at 3.  Both state identically: "As seen in the video that has been produced by the Defendant, the Plaintiff slipped and fell on the floor located behind the front entrance revolving door . . . ." *Id.*  That is why, explains Omni, these requests "share objections, responses, or denials." *Id.*

As to the standard of law in applying Rule 36, Omni asserts that "a denial is, in and of itself, a sufficient answer to a request for admission" and "where a request contains interdependent, compound issues, a party may deny the entire statement if it is premised upon a fact which is denied." Doc. 53, at 4 (quoting *Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 678 (D. Kan. 1999)).  Where, as here, "disputed [requests for admissions] are not simple and concise statements of fact, but contain vague and ambiguous wording that does not allow defendants fairly to admit or deny

10

them," objections are "appropriate."  Doc. 53, at 4 (quoting *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989)).  Lastly, Omni states that "a court is not intended to engage with respect to the truth or falsity, or even the accuracy, of a response to a request for admissions, but instead to consider only the 'sufficiency' of objections or responses."  Doc. 53, at 4-5 (citing *Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993)).

Omni then presents its opposition to Plaintiff's motion with two prongs.  First, the motion is allegedly untimely in that requests for admission "are subject to the discovery provisions of this Court's Pretrial Order," filed at Doc. 19.  *See* Doc. 53, at 5 (citing *Joseph L. v. Connecticut Dep't of Child. & Fams.*, 225 F.R.D. 400, 402 (D. Conn. 2005) ("[R]equests for admission should be treated as discovery devices for the purposes of the scheduling order.") (citations omitted)).  Plaintiff filed the present motion on the last day of discovery per the Court's "Pretrial Order" [Doc. 19], so that responses could not be filed to her motion within the discovery period.

Second, Omni characterizes RFA Nos. 11 and 12 as "seeking admissions regarding the adequacy of the mats placed before the doors to the hotel at issue."  Doc. 53, at 5.  Therefore, rather than seeking the truth of facts or the authentication of a document, as permitted by Rule 36(a)(1), these requests attempt "to characterize facts as demonstrated in a video." *Id.* at 6.  Omni thus asserts that the language in the requests – "located behind" and "immediately after" – was vague.  *Id.* Moreover, Omni believes that the "mention of the revolving door" mischaracterized the circumstances of Plaintiff's fall because she did not use the revolving door.  *Id.*

Based on case precedent, Omni concludes that its responses to RFA Nos. 11 and 12 were sufficient.  As Omni states, "[t]o the extent that both requests are compound and any part of each is denied, Omni is entitled to simply deny the request." *Id.*  (citing, *inter alia, Harris*, 190 F.R.D. at

11

678, and *Valley Hous. Ltd. P'ship v. City of Derby*, No. 3:06CV1319 (RNC), 2008 WL 178587, at *1 (D. Conn. Jan. 17, 2008) ("[W]hen a request contains interdependent, compound issues, a party may deny the entire statement if it is premised on a fact that is denied.") (quoting 7 *Moore's Federal Practice* § 36.11)). Therefore, Omni argues, it "could have denied [the requests] simply on the basis of the characterization of the video, which both speaks for itself and is in dispute." Doc. 53, at 8. As evidence of the requests' interdependent, compound and false issues, Omni notes that Plaintiff mentioned the words "behind," "immediately," and the "revolving door" – which "played no part in Plaintiff's path, decisions, or fall." *Id.* Rather than simply denying the requests, which Omni believes would have been sufficient, it "first objected to both requests, and also partially admitted them."[3] *Id.*

Finally, Omni characterizes both requests as "inherently objectionable." *Id.* at 9. Both "encapsulate Plaintiff's characterization of the 'best evidence' in the form of video actually showing Plaintiff's fall and seek to require Omni to admit the connotation and denotation of Plaintiff's characterization." *Id.* Plaintiff begins both requests with the phrase "[a]s seen in the video that has been produced by the Defendant" to obviate the need to later prove the contents of the video under Federal Rule of Evidence 1002, which states, "An original . . . recording . . . is required in order to prove its content unless these rules or a federal statute provides otherwise." *Id.* Omni produced the video and admits its authenticity. However, that does not mean that it must adopt Plaintiff's interpretation of that video, which is in dispute. *Id.* Where a request relates to a matter the responding party considers is "in dispute," the proper response is an answer. *Ryan v. Nat'l Union*

---

[3] Omni further points out that although its responses to RFA Nos. 11 and 12 were the same, that follows from the fact that "the two requests are substantially similar." Doc. 53, at 9-10.

*Fire Ins. Co.*, 03-CV-00644 (CFD) (TPS), 2007 U.S. Dist. LEXIS 31058, *10 (D. Conn. April 25, 2007).  Omni disputes the interpretation of the video, as characterized in the requests, and thus decided to "admit," "qualify," and "deny."  Doc. 53, at 10.

Plaintiff has responded to Omni's objection to the motion to compel by listing a number of alleged facts that Plaintiff believes Omni overlooked: "on the date of the accident, there was no wet floor sign outside of the front entrance of the hotel;" Omni's own "Incident Report" [Doc. 54-1] provided during discovery states that the wet floor sign was placed in Omni's lobby across from the revolving doors at 2:30 pm and Plaintiff fell at 7:45 pm; a photograph [Doc. 54-2] shows that the "wet floor sign" in the lobby "would only have warned guests who were exiting the hotel that the lobby floor in front of the revolving door was wet;" another photograph taken on the day of the accident  [Doc. 54-3]  indicates that "there was no floor mat in the area behind the front entrance revolving door;" and "additional video footage" [snapshot at Doc. 54-6] shows that "another woman slipped in the same area as Plaintiff did immediately before the Plaintiff fell."  Doc. 54, at 2-3. Based on this other evidence, Plaintiff argues that Omni should "admit or deny that their video shows that the Plaintiff slipped and fell on the floor located behind the front entrance revolving door immediately after she entered the hotel on the date of the accident." *Id.* at 3.

Furthermore, Plaintiff argues that there is nothing vague in the wording of RFA  Nos. 11 and 12 and no mischaracterization of the facts.  *Id.* at 5.  Accordingly, Plaintiff believes that she "is entitled to sufficient answers"from the Defendant.  *Id.*  As Rule 36(a)(4), Fed. R. Civ. P., provides, "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Moreover, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has

made reasonable inquiry and that the information it knows or can readily obtain is insufficient to

enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).   Plaintiff asserts that where Defendant does not

lack knowledge or information regarding the requests at issue, it "should be compelled to respond

by either denying or admitting [them]." Doc. 54, at 5.   Plaintiff states that rather than admitting or

denying the requests, Omni has "improperly pointed[ed] the blame at the Plaintiff by asserting that

[she] failed to take proper precaution for her own safety . . . ." *Id.* at 6 (quoting Omni's Responses

to RFA  Nos. 11 and 12).   According to Plaintiff, Omni is thus arguing its interpretation of the

evidence in this case without actually responding to the requests to admit what its video shows.  *Id.*

at 6-7.

**D.  Analysis**

At the outset, the Court addresses the argument that Plaintiff's motion to compel is untimely

because it was filed on the last day of the discovery period.   That timeliness argument was mooted

by the Court's subsequent order granting Plaintiff's request for an extension of time to complete

discovery "in light of the extraordinary circumstances resulting from the pandemic of the

coronavirus, President Trump's Order . . . .. suspending travel by Chinese citizens to this country, and

Governor Lamont's Executive Order, . . . mandating that all non-essential businesses in Connecticut

'employ, to the maximum extent possible... telecommuting or work from home procedures.'" Doc.

58.  Given this extension, the Court finds the motion to compel timely.[4]  Omni's first prong of

_____

[4] Even had the discovery period initially set by the Court remained intact, Plaintiff's motion
to compel was technically filed within that discovery period – albeit on the last day.  Moreover, the
RFAs themselves were dated November 27, 2019, weeks before the close of discovery; and the
parties conferred  on January 24, 2020, to attempt in good faith to resolve their dispute as to RFA
Nos. 11 and 12.  It appears that Plaintiff did not know until the date of the conference that the motion
to compel would in fact be necessary.  There is thus no evidence that Plaintiff's timing in filing her
motion to compel reflected any bad faith.

opposition fails.

The Court then turns to Omni's substantive argument to review the particular language of Plaintiff's requests for admission and the sufficiency of Defendant's objections and responses. "When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." *Wiwa v. Royal Dutch Petroleum Co.*, No. 01 CIV 1909 (KMW) (HBP), 2009 WL 1457142, at \*5 (S.D.N.Y. May 26, 2009) (citing *Thalheim*, 124 F.R.D. at 35). The Court herein examines RFA Nos. 11 and 12, and Omni's objections and responses thereto. As Omni concedes, the Court's duty in ruling on a motion to compel answers to requests for admissions is to determine the sufficiency of the answers to those requests. *Thalheim,* 124 F.R.D. at 34.

With respect to the sufficiency of Omni's responses to RFA Nos. 11 and 12, the Court finds the following. First, Plaintiff's two RFAs at issue are compound in that they present more than one fact. They each include multiple, discrete facts regarding what the video shows. In particular, RFA No. 11 addresses the location and timing of Plaintiff's fall, two facts which are relevant to her case. It states that Plaintiff "slipped and fell," and the fall occurred "behind the front entrance revolving door" and "immediately after she entered the hotel on the date of the accident." Doc. 52-2, ¶ 11. These are facts that Plaintiff can present at trial, through witness testimony or video evidence (with proper evidentiary foundation) to establish what occurred on the date in question. Nonetheless, she is entitled to attempt to streamline her presentation of her case with requests for admission regarding these facts.

As stated in its "Objection," Omni generally disputes "the circumstances of Plaintiff's incident." *Id.* Omni makes plain its position that Plaintiff "did not use the revolving door" so the

15

request allegedly mischaracterizes the facts and is "argumentative." *Id.* Moreover, as to other factors surrounding Plaintiff's fall, Omni asserts that "the video speaks for itself." *Id.* However, with respect to Defendant's general argument that the video "speaks for itself," such an objection is "improper." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990). " A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Rather, the responding party is "required to agree or disagree" with the facts as to "which admission is sought . . . , with an occasionally warranted qualification or explanation, for purposes of clarification." *Diederich*, 132 F.R.D. at 619 (citation omitted). Moreover, "[c]ompound requests that are capable of separation into distinct components and that follow a logical or chronological order. . . should be denied or admitted in sequence with appropriate designation or qualification by defendant in its response." *Id.* at 621.

In addition, if an objection pertains "only to a portion of the request," Omni must "unambiguously answer that portion of the request to which the objection does not apply." *Henry*, 212 F.R.D. at 78. If Omni is unable to admit or deny particular facts, it must state "in detail why [it] cannot truthfully admit or deny [them]." Fed. R. Civ. P. 36(a)(4)

In the case at bar, the Court finds that Omni has failed to meet the burden of the objecting party to persuade the Court that its general objection is justified. " *Freydl*, 2011 WL 2566079, at *2. Omni fails to admit or deny the particular facts sought for admission, and rather attempts to generalize the entire request as "vague" and "mischaracterizing the circumstances of Plaintiff's incident." Courts in this Circuit have held such general objections to be *"meritless." Henry,* 212 F.R.D. at 78 (emphasis added).

Furthermore, in objecting to RFA No. 11, Omni fails to specify which language is "vague"

and which circumstances have "been mischaracteriz[ed]." Instead it presents additional facts, arguing that Plaintiff neither used the revolving door nor any mats that were present in the lobby. Doc. 52-2, ¶ 11. Even if these additional facts may be viewed as "qualifications," Omni must still unambiguously answer the portion of the request to which the objection does not apply. *Henry,* 212 F.R.D. at 78. "[T]he answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). For example, if Omni can determine the location and time of Plaintiff's fall, as seen in the video, it should admit or deny those facts.

Finally, the Court disagrees with Omni's objection that RFA No. 11 is "argumentative." On the face of RFA No. 11, there is no basis to find the language of RFA No. 11 "argumentative." The request includes multiple facts, but does not argue any result from, or link between, those facts. In attempting to establish the location and time of the fall, Plaintiff does not at this time assert or attribute any legal conclusion or outcome from those facts. All in all, Omni's objection to RFA No. 11 is insufficient.

With respect to its "Response" to RFA No. 11, after objecting in full, Omni offers its own, unsolicited version of the facts, allegedly "admit[ting] that Plaintiff failed to take proper precautions [by] . . . [not] looking where she was going while walking, failing to observe and heed a visible wet floor sign, and stepping off of the available mat and onto the marble floor where she slipped." Doc. 52-2, ¶ 11. Omni thus employs its response to provide facts not presented by the RFA, arguing its own theory of the case and attempting to dispel any alleged "implications and insinuations" that Plaintiff used the revolving door and/or any mats in the lobby or that Plaintiff had no opportunity to prevent her own fall (*i.e.*, fell "immediately"). This response is precisely the type of "essay in reply" against which the court warns in *Thalheim*, 124 F.R.D. at 35. Omni's response is evasive,

failing to "fairly respond to the substance of the matter," and does not in "good faith" admit some facts but "qualify or deny the rest," Fed. R. Civ. P. 36(a)(5). Instead, Omni sweeps broadly to object to the entire request and then writes its own mini-essay, giving its version of the case, in the response.

The Court thus finds that both Omni's objection and response to RFA No. 11 are insufficient. Rather than admitting or denying the facts presented – "respond[ing] to the substance of the matter," Fed. R. Civ. P. 36(a)(4) – Omni skirts the facts by labeling the request as "vague" and a "mischaracterization" of the circumstances at issue. Granted, RFA No. 11 contains multiple factual components: that Plaintiff slipped and fell on the floor, the fall occurred "behind the front entrance revolving door," and the fall occurred "immediately after she entered the hotel." However, Omni has failed to admit or deny the truth of any of those facts. Omni's objection fails to indicate whether it agrees that: (i) Plaintiff slipped and fell on the floor at the hotel (on the date depicted in the video); (ii) Plaintiff fell behind the revolving door; and (iii) little, if any, time elapsed between Plaintiff's entry into the hotel and her fall (*i.e.*, was it "immediate").

In objecting to RFA No. 11, Omni simply asserts that Plaintiff "did not use the revolving door and did not use mats that were present in the lobby." Doc. 52-2, ¶ 11. Such an assertion is non-responsive. RFA No. 11 does not state that Plaintiff came in through the revolving door or stepped on a particular mat; rather, the request seeks an admission regarding the location of Plaintiff's fall in reference to the location of the revolving door.

As explained in *Lamoureux v. Genesis Pharmacy Services, Inc.*:

Discovery is not the place for overly-nuanced, metaphysical distinctions. Adopting Socrates' "the only true wisdom is in knowing you know nothing," one could reasonably deny all requests for admission. Our system of discovery, understandably,

18

does not permit such a practice. Either the photograph depicts needles which contain plugs or the photograph does not depict needles which contain plugs. All that the request requires is that the [responding party] look at the photograph and admit or deny that the needles pictured contain a plug. No other information is necessary.

226 F.R.D. 154, 163 (D. Conn. 2004). As in *Lamoureux*, the RFAs at issue relate to visual media and require the responding party to examine the facts as depicted therein. Here Omni must examine the video it produced and determine whether Plaintiff slipped and fell, at what location, and how quickly after she entered the hotel. The basic facts of Plaintiff's alleged fall, including the location and timing, are clearly relevant to the case, and the Court is not convinced that Omni has responded in good faith and to the best of its ability under the circumstances.

As to Request No. 12, Plaintiff seeks an admission regarding where Plaintiff slipped and fell – "on the floor located behind the front entrance revolving door" – and whether there was a mat at that location – "where there was no mat." Doc. 52-2, ¶ 12. As in its objection to RFA No. 11, Omni once again objects to the request in its entirety, based on it being "vague and mischaracterizing the circumstances of Plaintiff's incident." *Id.* In particular, Omni blanketly objects because "Plaintiff did not use the revolving door and did not use mats that were present in the lobby." *Id.* Although such elaboration may be relevant to the case, it does not fairly respond to the facts presented for admission. RFA No. 12 neither states that Plaintiff came in through the revolving door nor that she used any mat. It simply asserts where she fell and that there was no mat at that particular spot. On summary judgment or at trial, Omni may assert that Plaintiff neither used the revolving door nor any mat, but at present, it must fairly meet the substance of the request. Based on viewing the video, Omni must admit or deny the location and/or presence of a mat where Plaintiff fell.

Omni is thus entitled to admit or deny the request based on its own knowledge of where

Plaintiff fell and whether there was a mat at that spot. It can also describe the relevant location of the fall with more specifics or state where the mats, if any, are shown in the video. It cannot, however, deflect the facts asserted in the request by generally labeling them as "vague" or "mischaracterizing the circumstances of Plaintiff's fall." Similarly in its Response to RFA No. 12, Omni cannot simply argue its own version of causation for the fall (Plaintiff's negligence) as a substitute for admitting or denying the specific facts set forth in the request. Objecting to a request in total and writing a summary of one's legal theory of the case in response is not good faith qualification.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Compel Answers to Her First Request[s] for Admissions" [Doc. 52] is GRANTED. The Court finds that Omni's responses to Plaintiff's Request for Admission Nos. 11 and 12 are insufficient as stated. Omni failed to squarely address the facts Plaintiff presented for admission. Omni denied that Plaintiff used the revolving door and denied that she used the mats present in the lobby, but did not admit or deny the location or timing of her fall and whether there was a mat at that spot. Omni shifts the blame for the fall to Plaintiff, alleging that Plaintiff "failed to take proper precaution for her own saftey," Doc .52-2, ¶¶ 11-12. However, Plaintiff presented no legal conclusion for admission. Instead, Plaintiff asserted the location and timing of her fall, which do not, in and of themselves, prove causation. In short, causation was not the substance of the RFAs at issue. In sum, although Omni presents its concern that the RFAs contain "mischaracterizations," "implications," and "insinuations," the Court finds that the requests simply seek admissions or denials of basic facts.

The Court thus ORDERS Omni to simplify and amend its objections and/or responses to

RFA Nos. 11 and 12 by directly addressing the facts posed.  Specifically, if Omni believes that it has knowledge regarding the location and timing of Plaintiff's fall, and/or  whether there was a mat present at that site, it must admit or deny the facts presented.  If either Omni's video or its knowledge is insufficient to determine these facts, it may say so.  Also, if Omni denies the requests based on their wording, Omni may specify the particular words it finds vague.[5] Allegations of fault are not required when addressing bare facts, such as space and time. Omni need not write a mini-essay.

Accordingly, Omni must provide Plaintiff with  amended responses to RFA  Nos. 11 and 12 on or before **January 10, 2022.**   In addition, Omni is reminded that pursuant to Federal Rule of Civil Procedure 37, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  Fed. R. Civ. P. 37(c)(2).   Omni is thus cautioned to exercise good faith and diligence in admitting and denying particular facts set forth in the requests.

Finally, on or before **January 14, 2022**, the parties must confer regarding any remaining discovery and file a joint Notice with the Court of proposed case deadlines.  In that Notice, the parties may also indicate whether they would like an opportunity to explore settlement negotiations before a Magistrate Judge.   Upon review of the Notice, the Court will either refer the  matter to a

---

[5] For example, Omni may deny the requests as written, but specify the offending word(s) and clarify the extent to which it admits of denies the embedded facts by providing additional information (*e.g.*, hypothetically, admit there was no mat directly under Plaintiff when she fell but deny there was "no mat" present because there was one directly in front of her).  Specificity is encouraged for purposes of clarity.

Magistrate Judge for a settlement conference, if the parties so request, or re-set the remaining case

deadlines to expedite trial.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         December 14, 2021


                                        /s/Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge