## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HUI WANG,

               Plaintiff,

  v.

OMNI HOTELS MANAGEMENT
CORPORATION,

              Defendant.

Civil Action No.
3:18-cv-2000 (CSH)


**JUNE 30, 2023**

## RULING ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RULE 26 DISCLOSURES OF EXPERT WITNESSES AND EXCLUDE PLAINTIFF FROM OFFERING EXPERT TESTIMONY AT TRIAL [Doc. 77]

**Haight, Senior District Judge:**

## I. INTRODUCTION

In this personal injury action, Plaintiff Hui Wang sues Omni Hotels Management (herein "Defendant" or "Omni") for damages arising from a slip and fall she allegedly suffered on September 25, 2018, in the lobby of the Omni New Haven Hotel at Yale ("Omni Hotel"). In support, Plaintiff alleges that she fell due to "water that had accumulated on the floor" and that she landed with "great force and violence," resulting in "severe injuries, damages and losses."[1] Doc. 1-1, ¶ 3. As a result

---

[1] In her "Complaint," Plaintiff itemized her "severe and painful injuries" as follows:

  a. mid shaft tibia fracture of the left leg;
  b. left leg pain;
  c. surgical scar on left leg;
  d. difficulty ambulating;
  e. insomnia; and
  f. a severe shock to her nervous system.

1

of her injuries, Plaintiff asserts that she "was forced to undergo extensive medical care and treatment, and she may require additional medical care and treatment in the future." Doc. 1-1, ¶ 9.

Plaintiff  initiated her action as a negligence suit against Omni in the Connecticut Superior Court for the Judicial District of New Haven on or about November 20, 2018.  *Hui Wang v. Omni Hotel Management Corp.*, No. NNH-CV19-6086968-S (Conn. Super. Ct. Nov. 20, 2018).   On December 6, 2018, Omni removed the case to this federal court pursuant to 28 U.S.C. §§ 1441 and 1446,  on the basis of diversity of citizenship.[2] *See* 28 U.S.C. § 1332(a)(2). With its removal papers, Omni filed its Answer [Doc. 9], "denying all liability" because "a warning of the alleged dangerous condition had been placed in the lobby in the immediate vicinity of the front door entrance." Doc.21 (Omni's Memorandum), at 1; Doc. 21-2 (photograph of lobby).

Pending before the Court at this time is Defendant's "Motion to Strike Plaintiff's Rule 26 Disclosures of Expert Witnesses and Exclude Plaintiff from Offering Expert Testimony at Trial," Doc. 77.   In that motion, Omni argues that Plaintiff's October 24, 2019, expert disclosure was inadequate in that it failed to present the subject matter and summary of facts and opinions to which Plaintiff's medical provider experts, especially Dr. Brad Yoo, are expected to testify. Doc. 77-1, at 6-10.   Moreover, Plaintiff's subsequent expert disclosures, dated April 6, April 12, and May 10, 2022,  were untimely.  *Id.* at 11-13. The Court resolves Omni's motion herein.

---

Doc. 1-1, ¶¶ 6(a)-(f).

[2] Pursuant to 28 U.S.C. § 1332(a)(2), the Court has federal "diversity of citizenship" subject matter jurisdiction in this action.   On the dates the present action was commenced and removed, Plaintiff was a citizen of a foreign state, China (domiciled in Beijing), Doc. 1, ¶ 8; and Omni, a corporation, was a citizen of Delaware and Texas (incorporated in Delaware with its principal place of business located in Dallas, Texas),  Doc. 1, ¶¶ 9-10.  *See* 28 U.S.C. §§ 1332(a)(2), (c)(1).

## II.  DISCUSSION

### A.  Federal Rules of Civil Procedure 16 and 37

Omni bases it pending motion to strike on Federal Rules of Civil Procedure 16 and 37.  With these rules in mind, Omni's motion addresses both Plaintiff's alleged untimeliness and failure to provide sufficient information regarding the expert witnesses and/or their  disclosures.

Rule 16 states, in pertinent part, that "[o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C). A district court has power under that rule, "as well as power derived from its inherent authority to manage proceedings before it, to impose sanctions in respect of conduct violative of scheduling orders and wasteful of the time of the Court and opposing counsel." *Dallas v. Goldberg*, No. 95 -CIV.-9076 (LTS) (RLE), 2003 WL 22872325, at *1 (S.D.N.Y. Dec. 5, 2003) (internal citations omitted).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  In the case at bar, Omni argues that pursuant to Rules 16 and 37, all of Plaintiff's expert disclosures should be stricken and she should be precluded from offering any expert testimony.  Doc. 77-1, at 4-6.

In this Circuit, numerous courts have held that precluding testimony from an expert "is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules."  *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (quoting *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y.

1995)). *See also Palma v. Pharmedica Commc'ns, Inc.*, No. 3:00-CV-1128 (AHN), 2002 WL

32093275, at *3 (D. Conn. Mar. 27, 2002) (same) (quoting *McNerney*, 164 F.R.D. at 587); *Almonte*

*v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 (D. Conn. 1996) ("[T]he preclusion

of evidence and striking portions of the pleadings, like a dismissal, are harsh sanctions that should

be reserved for extreme cases.") (collecting cases).  Moreover, the Second Circuit, noting the

holdings in cases like *McNerney* and *Hinton*, has explained that whether or not "a showing of bad

faith is required before evidence may be excluded under Rule 37(c)(1)," Fed. R. Civ. P., it is within

the "bounds of [a district court's] discretion" to admit "certain undisclosed testimony" of an expert

provided there is no prejudice created by nondisclosure. *Hein v. Cuprum, S.A., De C.V.*, 53 F. App'x

134, 137 n.1 (2d Cir. 2002).

  In the present case, Omni argues that Plaintiff failed to provide specific summaries and bases

of her medical provider experts' opinions in her October 24, 2019, disclosure [Doc. 77-4].

Moreover, any later expert disclosures and/or supplements, dated April 6 and 12, 2022, and May 10,

2022 [Doc. 77-4 to -6], were untimely in that they were served after October 24, 2019, the deadline

originally approved in the Court's first scheduling order [Doc. 19], and even after  April 24, 2020,

the last possible date to which the Court arguably extended her expert disclosure deadline [Doc. 44,

58].  Doc. 77-1, at 2-3.

  As discussed below, the Court first resolves the timeliness issue to determine whether

Plaintiff's expert disclosures in April and May 2022 fell within the general discovery deadline, as

extended by the Court on two occasions [Doc. 58, 67].  If the Court's scheduling orders

encompassed expert disclosures within the discovery period, all of Plaintiff's expert disclosures were

timely made on or before May 20, 2022, the final deadline the Court set for "[a]ll discovery."

Doc. 67.

## B.  Timeliness of Expert Disclosures

The principal argument Defendant asserts to strike Plaintiff's Rule 26 disclosures of expert witnesses is untimeliness.  Specifically, Omni argues that Plaintiff's only timely expert disclosure was the one dated October 24, 2019, so that Plaintiff's April and May 2022 expert disclosures should be stricken as untimely.[3]  Omni argues that when the Court entered scheduling orders to extend the case deadlines, the deadline for discovery was extended, but that extension did not include expert disclosures.  As discussed below, this interpretation of the Court's orders extending the case deadlines [Doc. 58, 67]  is overly narrow and in fact incorrect.

The parties originally filed their Rule 26(f) Report on February 4, 2019, with a specific deadline for "discovery," which expressly "includ[ed] depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4)."  Doc. 18,  ¶ V.E.c.  To further specify their intentions with respect to experts, the parties concurred, as follows:

> Plaintiff will designate all retained trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) by October 24, 2019. With respect to non-retained experts (*i.e.*[,] treating physicians) the plaintiff [will] provide a written disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C) by October 24, 2019. Depositions of any such retained experts and non-retained experts will be completed by January 24, 202[0]. . . .
>
> Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2019. Depositions of such experts will be completed by January 24, 2020.

---

[3]  Omni asks the Court to strike all of Plaintiff's expert disclosures. As discussed *infra*, Omni asserts that although the October 24, 2019, disclosure may have been timely, it "gives Omni no notice of the specific facts or opinions to which her experts will be testifying" and should thus be stricken.  Doc. 77-1, at 8.  The Court addresses the content of the October 2019 disclosure in Part II.C. – after the issue of timeliness –  because the sufficiency of that disclosure also relates to Plaintiff's May 2022 supplemental disclosure, Doc. 77-6, which Omni argues is untimely.

*Id.* ¶¶ V.E.i-j.

On February 5, 2019, the Court entered a "Scheduling Order" [Doc. 19], which approved the deadlines in the Rule 26(f) Report with certain specified modifications. In its Order, the Court approved the overall discovery deadline without adopting the parties' specific, embedded deadlines for disclosure of expert reports and depositions of expert witnesses. As per ususal practice, because expert discovery must necessarily be completed during the discovery period, the Court refrained from interfering with the parties' conduct of expert discovery and rather mandated a deadline for the close of "[a]ll discovery," Doc. 19. The Court thus stated in its Order, "The Court sets the following case deadlines. . . . *All discovery* shall be completed by January 24, 2020." *Id.* (emphasis added).

Thereafter, on November 11, 2019, Plaintiff moved for a "six-month extension of the remaining discovery deadlines" because, *inter alia,* she needed additional time to review a video of the incident at issue in the case, which Omni had produced on October 9, 2019. Doc. 44, ¶ 3. From initial review of this video, it had become clear to Plaintiff that she would need additional discovery, including depositions of Defendant's employees. *Id.* ¶¶ 3-4. Furthermore, due to necessary scheduled "follow up treatment after her second surgery," "hardware removal surgery" in New Haven, Connecticut, in December 2019, Plaintiff sought a six-month extension of discovery with respect to her expert witness disclosures, till April 24, 2020. *Id.* ¶ 5.

While her requested extension was *sub judice*, Plaintiff filed a second motion for extension of time addressed to the trial date. Doc. 55. At that time, the pandemic of the coronavirus had resulted in travel being "restricted for all citizens of China to the U.S. until further notification from the U.S. government." *Id.* at 1. On March 22, 2020, noting that President Trump had suspended

travel by Chinese citizens to this country on January 31, 2020, and that Governor Lamont had issued an Executive Order to mandate that all non-essential Connecticut businesses telecommute or employ "work from home procedures," effective March 23, 2020, the Court granted both extensions [Doc. 44 & 55] for good cause, extending the remaining case deadlines, including discovery, by continuing all deadlines till "jury trials [were] allowed to resume in this District." Doc. 58.

Omni interprets the Court's Order granting the extensions to exclude expert witness disclosures because the Court stated it would extend "discovery." Doc. 77-1, at 3. Such an interpretation flies in the face of reason. The Court granted both extensions for "good cause," making no distinction to prevent further expert disclosures but to allow other means of discovery to continue. Expert disclosures were anticipated by both parties, which were jointly understood to be encompassed within the discovery period. *See* Doc. 18 (Rule 26(f) Report), ¶ V.E.c.

Subsequently, as pandemic restrictions eased, the Court ordered the parties to confer by January 14, 2022, regarding any remaining discovery and file a joint Notice with the Court of proposed case deadlines. Doc. 61. The parties complied [Doc. 62], and the Court adopted their joint proposals, resetting the case deadlines, including discovery to May 20, 2022. Doc. 67. In the "Joint Notice," Defendant had concurred with Plaintiff that the discovery deadline should be extended to May 20, 2022, and made no request to exclude expert disclosures, or any other means of discovery, from that extension. Doc. 62, at 1.

However, after Plaintiff provided Omni with expert disclosures and supplements dated October 24, 2019, April 6, 2022, April 12, 2022, and May 10, 2022, Omni moved to strike the April and May 2022 disclosures as untimely.[4] Doc. 77. Applying its own interpretation of the Court's

---

[4] *See* n.3.

extended deadlines, Omni argued that "[t]he deadlines for expert disclosures set forth and approved in the [original] parties' planning report were never modified or extended." Doc. 77-1, at 2.  When resetting the deadlines on March 22, 2020, "[t]he Court did not extend the deadlines for expert disclosures, as those deadlines had already passed by more than 6 months" – having expired per the original scheduling order on October 24, 2019.  *Id.* at 3.

Defendant's suggestion that the Court extended discovery twice, but somehow excluded expert disclosures each time by not delineating them, lacks merit.  Omni is incorrect that expert disclosures "were not contemplated by the Court's Order of March 22, 2020" [Doc. 58].  Doc. 77-1, at 3.  It would be illogical for the Court to recognize that there was a need to extend discovery due to the pandemic and yet exclude expert disclosures from such an extension.  Moreover, in entering the subsequent scheduling order on March 12, 2022 [Doc. 67], it was clearly the Court's intention to extend "[a]ll discovery" to May 20, 2022; and "discovery" in federal court includes, by definition, such means as interrogatories, document production, depositions, *and expert disclosures.* Fed. R. Civ. P. 26(a), (b).

In extending the general discovery deadline, the Court recognized that the parties would employ various means of discovery within that period.  However, the Court did not delve into the weeds of determining cut-offs for expert disclosures.  With discovery extended, the Court contemplated that the parties would cooperate to set feasible expert disclosure deadlines within that period.  Because Plaintiff served her expert disclosures and/or supplements on October 24, 2019, April 6, 2022, April 12, 2022, and May 10, 2022, those disclosures were timely filed before the ultimate May 20, 2022 discovery deadline [Doc. 67].  Accordingly, there has been no demonstration that Plaintiff acted in bad faith when she made her disclosures.  Moreover, there is no indication or

argument that she failed to disclose any expert's testimony.

## C.  Contents of Expert Disclosures

### 1.     *Treating Physician as Witness - no written report required under Rule 26(a)(2)(B)*

Although the case law addressing the issue of whether a treating physician is a lay witness or expert is "somewhat unsettled in this Circuit," as one court within this District concluded, (1) "each case turns on the particular facts and circumstances presented to it;" and (2) "a treating physician fits the definition of an expert who may give opinion testimony under Federal Rule of Evidence 702, but a treating physician need not be explicitly designated as an expert witness under the Federal Rules of Civil Procedure." *Barack v. Am. Honda Motor Co.*, 293 F.R.D. 106, 108 (D. Conn. 2013) (citing  *Reilly v. Revlon, Inc.*, No. 08 Civ. 205 (CM)(MHD), 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009) ("Treating physicians do not need to be designated as experts in order to testify.")).[5]

Thus, "[i]n general, a treating physician may testify to 'opinions formed in the course of treatment without regard to the disclosure requirements of Rule 26(a)(2).'" *Olutosin v. Gunsett*, No. 14-CV-00685 (NSR), 2019 WL 5616889, at *5 (S.D.N.Y. Oct. 31, 2019) (quoting *Lewis v.*

---

[5]  *See also In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, No. 06-CV-1520 (AKH), 2014 WL 5757713, at *3 (S.D.N.Y. Nov. 5, 2014) ("Testimony as to facts or opinions formed during a consultation with a patient are admissible absent Rule 26(a)(2) expert disclosures."); *Palmieri v. Celebrity Cruise Lines, Inc.*, No. 98 Civ. 2037 (LAP) (HBP), 2000 WL 310341, at *5 (S.D.N.Y. Mar. 27, 2000) ("There can be no serious dispute that, as a treating physician, Dr. Giovinazzo was free to testify to opinions he formed in the course of treating [plaintiff], without regard to the disclosure requirements of Rule 26(a)(2)."); *Williams v. Regus Mgmt. Grp. LLC*, No. 10 Civ. 8987 (JMF), 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012) ("Courts in this Circuit . . . have regularly held that treating physicians may testify as to opinions formed during their treatment, including *causation*, severity, disability, permanency and future impairments, without the obligation to submit an expert report.") (emphasis in original) (citation omitted).

*Triborough Bridge*, No. 97 CIV. 0607(PKL), 2001 WL 21256, at *1 (S.D.N.Y. Jan. 9, 2001)). "If a party offers a treating physician as an expert, there is no need to provide a written expert report under Rule 26(a)(2)(B) because treating physicians are not 'retained or specifically employed to provide expert testimony in the case.'" *Olutosin*, 2019 WL 5616889, at *5 (citation and internal quotation marks omitted); *see also Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 WL 5613115, at *6 (E.D.N.Y. Nov. 21, 2017) ("[A] treating physician need only provide a full written report under Rule 26(a)(2)(B) when 'circumstances suggest the doctor was 'retained or specially employed to provide expert testimony.' ").

### 2. Treating Physician as Expert - disclosure of expert witness who is "not required to provide a written report," Rule 26(a)(2)(C)

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any expert witness it may use at trial, including a treating physician who will present an expert opinion. Fed. R. Civ. P. 26(a)(2)(A). As previously discussed, a party who seeks to utilize a treating physician as an expert need not, however, provide a written expert report under Rule 26(a)(2)(B) because treating physicians are not "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). *See, e.g., McAfee v. Naqvi,* No. 3:14-CV-410 (VAB), 2017 WL 3184171, at *3 (D. Conn. July 26, 2017); *Barack*, 293 F.R.D. at 108 (collecting cases).

Nonetheless, if a party discloses an expert who is not required to provide an expert report under Rule 26(a)(2)(B), that party must still comply with the mandates of Rule 26(a)(2)(C). There must be disclosure of "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P.

10

26(a)(2)(C)(i)-(ii).  *See also  McAfee*, 2017 WL 3184171, at *4; *Puglisi v. Town of Hempstead*

*Sanitary Dist. No. 2*, No. 11-CV-0445 (PKC), 2013 WL 4046263, at *3 (E.D.N.Y. Aug. 8, 2013)

("Rule 26(a)(2)(C) applies to expert witnesses not covered by Rule 26(a)(2)(B)"); Fed. R. Civ. P.

26(a)(2)(C) advisory committee's note to 2010 amendment ("A witness who is not required to

provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert

testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other

health care professionals and employees of a party who do not regularly provide expert testimony.

Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required

under Rule 26(a)(2)(C).").

In contrast, "'[i]f a treating physician is called upon to review . . . [any] materials outside the

four corners of her/[his]  medical records and to opine greater than what is reflected in those medical

records, . . . such treating physician now falls with[in] the parameters' of Rule 26(a)(2)(B) and a

written expert report would be required." *Barack*, 293 F.R.D. at 109 (quoting  *Lamere v. New York*

*State Off. For The Aging*, 223 F.R.D. 85, 89  n.4 (N.D.N.Y. 2004), *aff'd*, No. 03-CV-0356, 2004 WL

1592669 (N.D.N.Y. July 14, 2004)).  Under those circumstances, the treating physician "who has

not complied with the reporting requirement of Rule 26(a)(2)(B) . . .  should not be permitted to

render opinions outside the course of treatment and beyond the reasonable reading of the medical

records." *Barack,* 293 F.R.D. at 109 (citation omitted).

Plaintiff asserts that her treating physicians, including Dr. Yoo,  will not testify to matters

outside the scope of her treatment.[6]  Doc. 85, at 16.  However, she has offered her medical providers

---

[6]  Omni counters that proposition, stating that Yoo's April 25, 2022, report also "relat[es] to
treatment that took place in 2018 and 2019," so "goes beyond [his] treatment of Plaintiff" with
respect to this case and thereby "convert[s] Dr. Yoo from a treating physician to a retained expert."

as "expert witnesses" under Federal Rules of Evidence 702, 703, and/or 705.  *See* Doc. 77-3, at 1.  This designation includes witnesses "qualified as . . . expert[s] by knowledge, skill, experience, training or education," Fed. R. Evid. 702, who may base their opinions "on facts or data in the case" of which they have "been made aware of or personally observed," Fed. R. Evid. 703. With this in mind, Plaintiff has served Rule 26(a)(2)(C) disclosures for her medical providers as "experts," providing descriptions of the subject matter, facts and opinions regarding their testimony, as well as supplemental compliances (*e.g.*, copies of medical records and bills).  Doc. 77-3, 77-6.  *See also* n.7, *infra.*

In particular, as to Plaintiff's medical expert, Dr. Brad Yoo, on May 10, 2022, in response to interrogatories, Plaintiff supplemented his disclosure with a copy of a medical report dated April 25, 2022.  Doc. 77-6, at 2, 4-5.  Dr. Yoo's appended report indicates that he is a physician at the "Yale School of Medicine, Department of Orthopaedics & Rehabilitation," and sets forth the details of a "medical review" for Hui Wang, consistent with her attorney's request.  *Id.* at 4-5.  Embedded in that review are four summarized prongs of Yoo's medical opinion regarding the cause for Plaintiff's injuries (the "fractures of her left tibia and fibula"), the "reasonable and necessary" nature of her medical treatment, the likely permanence of her impairment, and the specifics of said impairment.  *Id.*  In light of her May 10, 2022, disclosure regarding physician Dr. Yoo, Plaintiff's October 24, 2019, disclosure is not deficient in content under Rule 26(a)(2)(C).

Omni's main argument is that Plaintiff's October 24, 2019, expert disclosure, standing alone,

---

Doc. 77-1, at 12-13.  However, the Court disagrees.  If treatment of Plaintiff's injury was provided by Yoo as a result of her fall, he may still testify regarding that treatment.  Such post-injury or follow-up treatment may relate to the scope or permanency of Plaintiff's injuries.  In rendering such treatment, Yoo remains a treating physician. At trial, Omni may question whether such testimony has probative value for purposes of the injuries Plaintiff sustained in this case.

does not comply with Rule 26(a)(2)(C) because "[a]side from a boilerplate disclosure applicable to all her treating physicians, Plaintiff's October 24, 2019 Expert Disclosure fails to provide a summary of what their 'actual opinions are.'" Doc. 77-1, at 7 (quoting *Kraja v. Bellagio*, LLC, No. 2:15-CV-01983 (APG) (NJK), 2016 WL 1611590, at *2 (D. Nev. Apr. 22, 2016). However, the disclosure at issue in Omni's cited District of Nevada case failed to meet the basic requirements of Rule 26(a)(2)(C), Fed. R. Civ. P., because it was "entirely lacking [in] factual content" and the "Plaintiff's serious health conditions [were] . . . simply left undisclosed." *Kraja*, 2016 WL 1611590, at *2.

Furthermore, as previously noted, in the case at bar, Plaintiff followed her initial disclosure of her treating medical providers with production of all hospital and medical records relating to her injuries; she thereby provided summaries of facts and opinions to which each medical expert expects to testify.[7] Doc. 77-3, at 1-4. Omni fails to point to particular deficiencies in these records to support its objection to their contents and rather complains that "medical records are not created with the purpose or expectation that they will eventually be used as a disclosure of expert witness opinion." Doc. 77-1, at 10.

The point of expert disclosure is to provide one's opponent with "sufficient detail" to permit

---

[7] According to Plaintiff, in her October 24, 2019, Rule 26 disclosure, she disclosed, *inter alia,* "her treating physician and various medical providers as expert witnesses, including an EMT and a paramedic from American Medical Response ("AMR") regarding their care and treatment rendered to the Plaintiff at the accident scene, as set forth in the report from AMR dated September 25, 2018, a copy of which had been provided to counsel for the Defendant." Doc. 85, at 4. She also disclosed Dr. Brad Yoo, Plaintiff's treating orthopedic surgeon, as an expert witness and provided the "subject matter in which [he was] expected to testify," as well as a "[s]ummary of [his] facts and opinions." *Id.* at 4-5. Plaintiff supplemented Yoo's disclosure on January 23, 2020, providing copies of medical records from Yoo and the Yale New Haven Hospital for the period of "12/13/19-12/14/19." *Id.* at 8. Plaintiff later submitted the April 25, 2022, report from Yoo, supplementing the "subject matter" of his testimony. *Id.* at 11-12. Counsel for Defendant has "never attempted to take the depositions of the [P]laintiff's treating physician, Dr. Yoo, or any of the other medical providers" included as expert witnesses in her October 24, 2019 disclosure. *Id.* at 15.

preparation of its defense. *McAfee*, 2017 WL 3184171, at *5-6.   Here, Plaintiff represents that Omni's counsel has failed to set up dates to take Dr. Yoo's, or any other named medical provider's, deposition.  Doc. 85, at 15.  As to Yoo, Omni has had since October 24, 2019, to take his deposition and has failed to do so.  Rather than taking depositions or requesting additional documents, Omni blanketly seeks to preclude all medical expert testimony Plaintiff wishes to present.

Because preclusion of expert testimony is a "drastic remedy and should be exercised with discretion and caution," this Court finds that Plaintiff's medical provider experts should be allowed to testify.  *See, e.g.*, *NIC Holding Corp. v. Lukoil Pan Americas, LLC*, No. 05-CIV-9372 (LAK) (FM), 2007 WL 1467424, at *5-6 (S.D.N.Y. May 16, 2007) (quoting *Martinez v. Port Auth. of N.Y. and N.J.*, No. 01 Civ. 721 (PKC), 2005 WL 2143333, at *14 (S.D.N.Y. Sept. 2, 2005)).  To the extent that Omni seeks additional information on the medical experts' proposed testimony prior to trial, it may move for a continuance to depose these witnesses.

### 3. *Liability Expert - expert witness who must provide a written report*, Rule 26(a)(2)(B)

Pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., a witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must provide a report containing:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)   the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

14

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P.  26(a)(2)(B)(i)-(vi).

In the case at bar, Plaintiff has retained a "liability expert," professional engineer Douglas A. Fisher, "to testify regarding his technical investigation concerning the plaintiff, Hui Wang's slip and fall accident which occurred at the entrance and lobby of the Omni New Haven Hotel at Yale ('Omni Hotel') on September 25, 2018."  Doc. 77-5, at 2.  Although the parties dispute the timeliness of Fisher's disclosure, they agree that if he is allowed to testify, his report must comport with Rule 26(a)(2)(B)'s disclosure requirements.

### 4.    *Disclosure of Fisher*

As to Plaintiff's non-medical expert, "professional engineer" Douglas A. Fisher, he was retained as a "liability  expert" in the case, and Plaintiff  included the  details of his  proposed testimony in her April 6 and 12, 2022, disclosures.[8]  Specifically, in compliance with Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi), Plaintiff's disclosures of April 6 and 12, 2022, included a report generated by Fisher, stating his opinions, the facts or data upon which they are based, exhibits he will use to support his opinions, a resume of his qualifications, a list of the cases in which he has testified as an expert in the previous 4 years, and a statement of compensation he will be paid for his testimony.  Doc. 77-4 & Ex. 1-5; Doc. 77-5 & Ex. 1-7.

---

[8] Plaintiff contends that disclosing Fisher on April 6, 2022, was timely – before the May 20, 2022, discovery deadline and "more than ninety (90) days from the date this case has been set to be ready for trial on August 28, 2022, as required by Rule 26(a)(2)(D)," Fed. R. Civ. P.  Doc. 85, at 19. Accepting this disclosure as timely, the Court notes that no actual date for trial has been set at this time.  The trial ready date expired and must be reset due to the pending motions.

Fisher's disclosures included detailed topics that will be covered in his testimony, including *inter alia* : "slip resistance of the [Omni hotel] lobby flooring, the placement of the entry mats, the presence of water on the flooring, the failure to inspect and the inadequate warning of an unsafe condition by the defendant." Doc. 77-4, at 2; Doc. 77-5, at 2. Mr. Fisher's appended report, dated April 4, 2022, provides "considerably more detail regarding the facts, grounds, and bases of his opinions in this matter." Doc. 77-4, at 2; Doc. 77-5, at 2. The report provides Fisher's "review . . . of various documentation related to . . . [t]he issue of concern," namely "the entrance and lobby space within the Omni Hotel" and "an injury claim by [Plaintiff] that occurred on September 25, 2018." Doc. 77-4, at 6. The report also "summarizes [Fisher's] findings and conclusions" and includes multiple pages of photographs and materials *Id.* Moreover, the April 12, 2022, disclosure includes a "supplement" to Fisher's report of April 4, 2022, which addresses the "building code in effect at the time of the incident" and concludes that "[t]he  conditions of the entry/egress flooring in the lobby of the Omni Hotel at the time of Ms. Wang's incident did not conform to the means of egress requirements included  in NFPA [National Fire Prevention Association] 101." Doc. 77-5, at 70-71. Despite the detail contained in Mr. Fisher's report and exhibits, Omni states that because Fisher and his documents were not disclosed by the October 24, 2019, deadline, his testimony should be precluded. Doc. 77-1, at 11-12.

**D.  Four Factors re: Preclusion**

As Omni notes, Doc. 77-1, at 13-14, the test for assessing whether to preclude an expert's testimony or report includes four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4)

the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir.1988)).

Here, Defendant's argument for preclusion fails with respect to factor (1) because the Court finds that Plaintiff has not violated a discovery order, as to timeliness or substance. However, even if Omni were able to show that Plaintiff disclosed her experts in an untimely fashion, Omni fails to demonstrate that it met any of the other three factors for preclusion. As to these remaining factors, Omni discounts the importance of Plaintiff's proposed expert testimony, argues it will be prejudiced if it has to meet such testimony, and rejects the notion of any continuance to prevent delay.

As to the second factor, Omni broadly asserts that Plaintiff's experts' testimony "is not important." Doc. 77-1, at 15. In Omni's opinion, "Plaintiff's experts are not critical to her case." *Id.* at 14. Furthermore, "[a]lthough Plaintiff should be precluded from calling her treating physicians as experts, she can still call each as percipient witnesses." *Id.* (citation omitted). Omni fails to assess the importance of any specific offered testimony but asserts that a percipient witness can stand in for an expert. *Id.* For example, as to Plaintiff's treating physician, Dr. Yoo, Omni argues that he can give his opinion testimony as to diagnosis, treatment, and causation as lay testimony. *Id.* Moreover, with respect to Plaintiff's "liability expert," Fisher, Omni finds his opinions to be mere "*ipse dixit*." *Id.* at 15.

However, at the present stage of these proceedings, the Court does not concur with Omni's dismissive characterization of Plaintiff's expert witness testimony as "unimportant. " In a personal injury case based on alleged dangerous conditions, a reasonable factfinder could well find value in expert testimony of a physician (regarding the plaintiff's injuries) and/or of an expert engineer (analyzing the safety of site conditions on the date in question).

17

Moreover, concluding that such professionals should testify only as percipient witnesses discounts the greater weight a jury may give to an expert's testimony.  Federal Rule of Evidence 702 requires that "expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'" *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 643 (S.D.N.Y. 2014) (quoting *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004)). Such testimony: (a) employs the expert's "scientific, technical, or other specialized knowledge . . . [to] help the trier of fact to understand the evidence or to determine a fact in issue;" (b) "is based on sufficient facts or data;" (c) "is the product of reliable principles and methods;" and (d) "reliably applie[s] the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d).

In contrast, a lay person's testimony is "limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701 (a)-(c).

Consequently, "what separates expert and lay testimony is that 'lay testimony results from a process of reasoning familiar in everyday life,' whereas 'expert testimony results from a process of reasoning which can be mastered only by specialists in the field.'" *523 IP LLC,*  48 F. Supp. 3d at 634 (quoting Fed. R. Evid. 701 advisory committee's note) (some internal quotation marks omitted). Therefore, to espouse that expert testimony can simply be replaced by a "percipient's" testimony is incorrect.[9]

---

[9]  An expert witness is "retained or specially employed  for the purpose of offering expert opinion testimony" or is "recruited  or enlisted  to provide testimony." *King v. Wang*, No. 14-CV-7694 (LJL), 2021 WL 5232454, at *18 (S.D.N.Y. Nov. 9, 2021) (quoting  *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (internal quotation marks omitted). On the other hand, even if a "percipient witness . . . happens to be an expert," that person is "not

As to the third factor, prejudice to Defendant in having to meet the proffered expert testimony, Defendant fails to present evidence that it would be prejudiced by allowing Plaintiff's experts to testify and/or that a brief continuance might not cure any such prejudice. In addition to reducing the credibility afforded to Plaintiff's experts, by demoting them to "percipient" lay witnesses, Omni simply wishes to avoid the challenge of having to address their evidence in expert form.

For example, as to Fisher, Omni wishes to avoid the prospect of taking "the deposition of Plaintiff's expert and [needing] an opportunity . . . to retain a rebuttal expert . . . to conduct a site inspection, review all relevant information, and compose a report." Doc. 77-1, at 15. However, presenting and rebutting evidence, is inherent in the trial process, not *per se* prejudicial. One cannot argue for the exclusion of an opposing party's expert simply because one does not wish to undertake examination and/or rebuttal of that witness's testimony or reports.[10]

With respect to the fourth factor of a possible continuance, Omni explains, "[e]ven if prejudice to the opposite party could be 'avoided with a simple adjustment of the . . . discovery plan' to allow for depositions or other discovery," such an adjustment is "nevertheless harmful" in that it

---

specially retained or employed." *King*, 2021 WL 5232454, at *18. A percipient witness's testimony is thus lay opinion testimony, which is "rationally based on the witness's perception," Fed. R. Evid. 701(a), whereas expert testimony is based on "facts or data in the case that the expert has been made aware of or personally observed," Fed. R. Evid. 703. *Id.*

[10] According to Plaintiff, on April 7, 2022, Craig Hatz, a paralegal for Omni's counsel, sent Plaintiff's counsel an email indicating that Attorneys Setliff and Mackey wished to take Mr. Fisher's deposition and requested "various dates when Mr. Fisher would be available . . . before the close of discovery on May 20, 2022." Doc. 85, at 19. *See also* Doc. 85-10, at 1 (email from Setliff Law (chatz@setlifflaw.com) to Michael Foley (mpfesq@aol.com) at 9:07 a.m. on April 7, 2022). However, rather than scheduling the deposition, Omni's counsel chose to file the present motion to strike. Doc. 85, at 19.

compromises the "court's ability to manage its docket." *Id.* at 16 (citation omitted).   Omni thus selflessly seeks to protect the Court's schedule from a "simple adjustment" of the discovery plan at Omni's own expense.

In the present case, the Court has not yet set a formal date to commence trial.   Therefore, although the Court is mindful of adverse impacts on its case docket, the simple adjustment of a continuance may, on occasion, be warranted in the interests of justice. If the dates of Plaintiff's latest disclosures in April and May of 2022  suggest to Omni that it needs additional discovery, it may so move in compliance with Local Civil Rule 7(b). Given the former pandemic-inspired reason that merited extension of case deadlines, a brief  further extension may be granted to accommodate Defendant.  *See, e.g., Barnett v. Connecticut Light & Power Co.,* No. 3:11-CV-1037 (VLB), 2013 WL 1196669, at *1 (D. Conn. Mar. 25, 2013).("[A]s no trial date has been set there is a possibility of a continuance. . . . The Court is well within its discretion to not preclude a witness or exhibit if the proponent has failed to abide by an order with an adequate excuse, particularly whereas here the opposing party is not prejudiced.") (collecting cases).

Furthermore, in light of the fact that Omni has already moved for summary judgment, it appears to have fully completed and presented all discovery it desires with respect to the elements of Plaintiff's negligence claim.  Defendant's "Motion for Summary Judgment," Doc. 79, seeks judgment "as a matter of law because Plaintiff cannot establish one or more of the elements of her cause of action against Omni." Doc. 79, at 1.  Specifically, Omni alleges that Plaintiff lacks sufficient evidence to prove that Omni was negligent and/or that a "dangerous condition existed  on September

25, 2018," the date she slipped and fell in the Omni Hotel lobby.[11]  *See* Doc. 79-2, at 9.  All arguments within Defendant's Memorandum in support of the motion  relate to the events of September 25, 2018, rather than opinions offered by Plaintiff's proffered experts. Moreover, subsequent to moving for summary judgment, Defendant has neither sought an extension to complete discovery relevant to the motion nor withdrawn the motion.[12]

Therefore, as the case record stands, it appears that Omni believes that  the Court may resolve its summary judgment motion without additional discovery regarding expert testimony or disclosures. In fact, Omni seems ready to proceed with the case poste haste, having repeatedly accused  Plaintiff of unnecessary delays and admittedly "object[ed] to several requests to continue the case." Doc. 77-1, at 12 (citing Doc. 46, 56).  In the event Omni  requires a continuance prior to trial to meet and/or refute Plaintiff's expert testimony, it may so move the Court.

---

[11]  In particular, Omni asserts that "there is no evidence (only supposition) relating to: (i) the existence of a wet condition at the time of the incident; (ii) the source of the alleged wet condition; (iii) any shortcomings with Omni[']s inspection procedures; (iv) the noticeability of the alleged wet condition (includ[ing] size, color[,] dimensions[,] etc.) in the face of a reasonable inspection; (v) Omni's actual knowledge of the alleged wet condition; (vi) how long the specific alleged wet condition existed prior to the incident; (vii) reports or complaints of the alleged wet condition; and (viii) other slip and falls in the location of the incident."  Doc. 79-2, at 27.  "Thus," says Omni, "Plaintiff has failed to establish a prima facie case of negligence," so that Omni "submits that it is entitled to summary judgment as a matter of law." *Id.*  Furthermore, Omni argues that even if a "wet spot existed, could have been discovered by a reasonable inspection and Omni had actual or constructive knowledge of it," Omni "discharged its duty as a matter of law by providing a warning of the alleged dangerous condition" by placing a "wet floor sign . . . in the lobby in front of the revolving door . . . about five hours before the incident . . . ." *Id.* at 27-28.

[12]  The Court further notes that Omni has stated that "Omni timely disclosed its experts on November 26, 2019," a date within the December 1, 2019, proposed deadline in the parties' Rule 26(f) Report. *See* Doc. 77-1, at 3; Doc. 18, ¶ V.E. i.-j. Omni appears to have thus completed its own expert disclosures.

### III.  CONCLUSION

The Court recognizes that COVID-19 posed historic challenges to the conduct of business, including the dispensation of justice by the Court.   In this case, in managing its docket, the Court saw fit to grant an extension of the discovery deadline, which logically included expert disclosure dates.[13]   Given the timely filing of Plaintiff's disclosures and the drastic nature of any requested exclusion of expert evidence, the Court DENIES "Defendant's Motion  to Strike Plaintiff's Rule 26 Disclosures of Expert Witnesses and Exclude Plaintiff from Offering Expert Testimony at Trial" [Doc. 77].  None of the four factors delineated by the Second Circuit in *Softel* and *Outley* militate toward striking the expert's disclosures or precluding their testimony.[14]

In light of this ruling, on or before **Monday, July 24, 2023**, Omni must inform the Court whether: (1) it believes that  a full and proper record has been developed with respect to its summary judgment motion [Doc. 79]; and (2)  it will request a continuance regarding expert disclosures either before or after summary judgment.  *See, e.g., Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 (2d Cir. 2014)  (To grant summary judgment, "[d]iscovery must either have been

---

[13]   Omni argues  that the Court set a specific deadline for experts by implication when it set the original schedule, stating that "Plaintiff's suggestion that 'the Court has not issued any specific deadlines with respect to the disclosure of experts in this case' . . . is without merit." Doc. 87 (Omni Reply), at 4-5.  Then, conversely, Omni asserts that the Court granted no extension of the expert disclosure deadlines because there was no explicit mention of expert disclosures when it extended the discovery deadline to May 20, 2022, as jointly requested by the parties.  *Id.* at 5 & n.5. *See also* Doc. 62, ¶1; Doc. 67.  Logically speaking, either the expert disclosure deadlines were intrinsically encompassed by "discovery" in the Court's original scheduling order and extended by said implication, or these deadlines were left out of the original order and never set or extended. Fashioning a combined interpretation for strategic motion practice suggests gamesmanship on Omni's part.  If Omni were truly confused about the scope of the Court's scheduling orders, it could have moved for clarification, instead of launching vigorous, potentially unnecessary motion practice.

[14]   *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997); *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir.1988).

completed, or it must be clear that further discovery would be of no benefit, such that the record ... reflect[s] the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment.") (citation and internal quotation marks omitted); *Fams. for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 331, 336 (S.D.N.Y. 2011) ("[A] court should not, of course, cut off discovery before a proper record has been developed . . . .[S]ummary judgment . . . is otherwise inappropriate.") (citations and internal quotation marks omitted).

If Omni believes discovery is complete as to its summary judgment motion [Doc. 79], the Court will immediately order Plaintiff to respond to that motion within **twenty-one (21) days** and resolve the motion. If the case remains pending following the Court's ruling on summary judgment, Defendant may, if so advised, formally move, for good cause, for a reasonable continuance to complete pre-trial discovery on matters relating solely to expert disclosures. Upon resolution of any such discovery, the Court will set the final due date for the joint trial memorandum and the trial ready date.

However, if Omni indicates that discovery is incomplete with respect to its summary judgment motion – *i.e.,* additional discovery regarding expert disclosures is *necessary to resolve that motion* – Omni may withdraw its summary judgment motion [Doc. 79] without prejudice and move to reopen discovery at this time. If appropriate, Omni may then file an amended summary judgment motion within twenty-one days following the completion of any granted additional expert disclosure discovery.

Finally, the Court notes the heightened contentiousness that has prevailed between the parties throughout this litigation, which has unfortunately impeded a smooth course to case resolution. The parties are urged to cooperate in moving forward. If they would like to make an attempt to settle this

matter before trial, they may jointly move for referral to a Magistrate Judge for that purpose.

It is SO ORDERED.

Signed: New Haven, Connecticut
        June 30, 2023


/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

24